1  Sathya S. Gosselin (SBN 269171)
   Swathi Bojedla (admitted *pro hac vice*)
2  **HAUSFELD LLP**
   888 16th Street, N.W., Suite 300
3  Washington, DC 20006
   Tel: (202) 540-7200
4  Fax: (202) 540-7201
   sgosselin@hausfeld.com
5  sbojedla@hausfeld.com

6  *Attorneys for Plaintiff Yelp Inc.*

7  *(additional counsel listed on signature page)*

8

9              **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11                    **SAN JOSE DIVISION**

12

|  |  |
|---|---|
| | Case No. 5:24-cv-06101-SVK |
| **YELP INC.,** | **YELP'S RESPONSE TO GOOGLE'S REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT** |
| Plaintiff, | |
| v. | |
| **GOOGLE LLC,** | |
| Defendant. | Date: December 17, 2024<br>Time: 10 a.m.<br>Place: Courtroom 6, 4th Floor<br>Judge: Magistrate Judge Susan van Keulen |

1    Yelp does not oppose Defendant Google LLC's Request for Consideration of Documents Incorporated by Reference and for Judicial Notice in Support of Its Motion to Dismiss Complaint (ECF No. 25) ("RJN") in its narrowest form: Exhibits A and D to the Schmidtlein Declaration are fairly incorporated in Yelp's complaint by reference, and this Court "can take notice of the existence of [the] congressional testimony," RJN at 3, and the fact of government statements found in Exhibits B and C to the Schmidtlein Declaration. Yelp disagrees with Google's *characterizations* of the import of these materials: Yelp has not omitted portions of documents that "weaken" or "doom" its claims (RJN at 2); Yelp's tying claim is not "dependent" on Google's Terms of Service (RJN at 3); and Yelp CEO Jeremy Stoppelman's congressional testimony in 2011 (warning of anticompetitive consequences for the future) did not address Yelp's antitrust claims at all (RJN at 3–4). But Yelp does not quibble with Google's request for appropriately limited consideration of these materials in conjunction with Google's motion to dismiss.

More troubling, however, is how Google attempts to make use of these materials in its motion to dismiss, as a vehicle to "resolve competing theories against the complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). In *Khoja*, the Ninth Circuit warned of the increasing "overuse and improper application of judicial notice and the incorporation-by-reference doctrine" at the pleading stage, which can lead to "unintended and harmful results." *Id*. As the Ninth Circuit cautioned, defendants' "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999. "Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.* The Ninth Circuit's admonition is heightened where a defendant relies on a proffered document in service of "[an alleged] defense to the well-pled allegations in the complaint." *Id.* at 1002. "Submitting documents not mentioned in the complaint to

1  create a defense is nothing more than another way of disputing the factual allegations in the
2  complaint ...." *Id.* at 1003.
3     By and large, Google proffers Exhibits A, B, and C to bolster its proposal that the Clayton
4  Act statute of limitations "began to run in 2007." *See* Motion to Dismiss (ECF No. 24) ("Mot.") at
5  10; RJN at 1; *see also* Mot. at 1–2, 5–7, 12. But, as Yelp explains in its opposition to the motion to
6  dismiss, Google's "competing theory" is at odds with Yelp's detailed allegations and the face of the
7  complaint. Exhibits A, B, and C do not (and cannot) contradict those plausible allegations and add
8  little to the discussion because Yelp's congressional testimony and an earlier FTC investigation—
9  neither of which addressed *Yelp's* potential antitrust claims—could not have triggered the statute of
10 limitations. Before that could happen, Google needed to violate the antitrust laws by acquiring
11 sufficient market power in local search services or local search advertising through its exclusionary
12 conduct. *See* Yelp's Opposition to Google's Motion to Dismiss ("Opp."), filed concurrently with
13 this Response, at Part IV.B.1. Yelp does not allege (and there is no other basis to conclude, including
14 from these materials) that Google had acquired sufficient market power in local search services or
15 local search advertising in 2007, 2011, 2012, or 2013. *See* Opp., Part IV.B.1. Yelp's early warnings
16 to Congress and the FTC's review of certain conduct by Google cannot create Section 2 liability and
17 therefore a cause of action was unavailable to Yelp at the time—when Google was just starting out
18 and long before it attained its now-dominant position in local search and local search advertising.
19 *See, e.g.*, Ex. B at 37 (observing in late 2011 that Google "now hopes to be a destination site itself
20 for ... local business reviews"), 172 ("Google's conduct may ultimately spell trouble for a number
21 of content verticals, such as news and travel, as long as the conduct goes unchecked."). Indeed, the
22 complaint alleges that Google's early efforts in local search were *not* successful, and any inference
23 that they *were* successful at that time would contradict the allegations in the complaint. *See* Compl.,
24 ECF No. 1, ¶¶ 38, 115–25; Opp., Part IV.B.1.
25    Google wields Exhibit D, meanwhile, only to assert that its "terms of service ... do nothing
26 to prevent a user from using another search product, let alone Yelp specifically." Mot. at 18
27
28

(emphasis removed). Yelp never suggests otherwise as a factual matter, nor is that relevant to the positive tying analysis Yelp alleges in which consumers must take the second product (Google's local search services) if they want the first one (Google's general search services). *See* Opp., Part IV.D.1.

For these reasons, Yelp does not oppose Google's request for judicial notice or consideration of documents incorporated by reference—but disagrees with Google to the extent it attempts to use any of these materials to resolve competing theories against the complaint in its favor.

Dated: November 12, 2024

**HAUSFELD LLP**

By: */s/ Sathya S. Gosselin*
Sathya S. Gosselin (SBN 269171)
Swathi Bojedla (admitted *pro hac vice*)
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
sgosselin@hausfeld.com
sbojedla@hausfeld.com

Renner K. Walker (SBN 295889)
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
rwalker@hausfeld.com

Joanne Bui (SBN 340378)
**HAUSFELD LLP**
600 Montgomery St., Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980
jbui@hausfeld.com

*Attorneys for Plaintiff Yelp Inc.*