[*Submitting counsel on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YELP INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>GOOGLE LLC,<br><br>  Defendant. | Case No. 5:24-cv-06101-SVK<br><br>**DEFENDANT GOOGLE'S REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**<br><br>Date:   December 17, 2024<br>Time:   10 a.m.<br>Place:  Courtroom 6, 4th Floor<br>Judge:  Magistrate Judge Susan van Keulen |

1   The parties agree that the Court may consider Exhibits A and D as incorporated in the Complaint by reference, and that the Court may take judicial notice of Exhibits B and C. *See* Google's Mot. for Jud. Notice ("Request") (ECF 25); Yelp's Response To Google's Mot. for Jud. Notice ("Response") (ECF 31). As set forth in Google's Request, that means the Court may treat Exhibits A and D "as though they are part of the complaint itself," ECF 25 at 2 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)), take judicial notice of the existence of Exhibit B, and take judicial notice of the undisputed information disclosed in Exhibit C, *id.* at 3–4. Such consideration of these documents is proper and entirely consistent with governing law. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (on motion to dismiss, court "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Yelp's Response complains of the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine," Response at 2, but Yelp makes no particular argument as to how Google's Request constitutes overuse or is improper. That is because Google's Request is neither.

*First*, Yelp's ringing of the "overuse" alarm is plainly unwarranted. This is not a case, as *Khoja* was, where the defendant proffered *over twenty documents* in support of its motion to dismiss, nearly *half* of which were neither incorporated by reference in the complaint nor subject to judicial notice. 899 F.3d at 999–1008. Quite the opposite. Here, Google has submitted just four documents with its Motion to Dismiss, each of which Yelp concedes is expressly incorporated into the Complaint by reference or indisputably subject to judicial notice. ECF 31 at 1.

*Second*, Yelp identifies no improper purpose for which Google has used those documents. As set forth in *Khoja*, "[j]udicial notice under Rule 201 permits a court to notice an adjudicative fact" that is "not subject to reasonable dispute," 899 F.3d at 999; and the incorporation-by-reference doctrine permits a court to consider as part of the complaint documents that "the plaintiff refers extensively to" or that "form[] the basis of the plaintiff's claim," *id.* at 1002. So long as the

contents of a document incorporated by reference serve a purpose beyond "disput[ing] *facts* stated in a well-pleaded complaint," a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* at 1003 (emphasis added).  For each of Exhibits A through D, Google's Request falls squarely within these guidelines:

- Exhibit A:  Exhibit A (a document Yelp refers to as the "FTC Staff Memo") is incorporated into the Complaint by reference.  ECF 25 at 2.  Yelp agrees Exhibit A is "fairly incorporated in Yelp's complaint" but nonetheless complains about Google's references to it.  ECF 31 at 2.  Yelp states generally that Exhibit A's contents are "at odds with Yelp's detailed allegations and the face of the complaint," ECF 31 at 1, but Yelp fails to identify any *factual* allegation that is disputed by Exhibit A, or how it is being used to create a factual dispute on the motion to dismiss.  It is not.

- Exhibit B:  Exhibit B (the 2011 congressional testimony and submissions of Yelp's CEO) is properly subject to judicial notice.  ECF 25 at 3; ECF 31 at 1.  Yelp does not dispute that the testimony took place, yet Yelp complains about Google's reference to the testimony for the same conclusory reasons it objects to Exhibit A.  There is no factual issue that is improperly proposed to be resolved at this stage by Exhibit B, either.

- Exhibit C:  Exhibit C (a publicly available Statement by the Federal Trade Commission announcing the closure of the investigation that Yelp describes in its Complaint) is not subject to reasonable dispute.  *See Khoja*, 899 F.3d at 999 ("[A] court may take judicial notice of matters of public record." (citation omitted)).  Yelp concedes the Court can take notice of "the fact of government statements found in Exhibit[] . . . C," ECF 31 at 1, and Yelp does not identify any disputed factual issue that Exhibit C is improperly resolving.

- Exhibit D:  Exhibit D (Google's Terms of Service) is incorporated into the Complaint by reference.  ECF 25 at 3; ECF 31 at 1.  Yelp does not argue that it serves "to dispute facts stated in a well-pleaded complaint," *Khoja*, 899 F.3d at 1003; ECF 31 at 3 ("Yelp never suggests otherwise as a factual matter"), but rather, that Google's legal argument regarding the

import of those facts is erroneous.  The strength of Google's legal argument is the subject of its motion to dismiss, not of the Request.

For the foregoing reasons, and the reasons set forth in Google's Request For Consideration of Documents Incorporated By Reference and For Judicial Notice (ECF 25), Google respectfully requests that the Court consider the Exhibits attached to the Schmidtlein Declaration (ECF 24-2) in connection with the Motion to Dismiss (ECF 24).

DATED: November 22, 2024

By: /s/ *John E. Schmidtlein*
John E. Schmidtlein
Benjamin M. Greenblum (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com

Amit Gressel
WILSON SONSINI GOODRICH & ROSATI P.C.
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105-1126
Tel: 415-947-2087
agressel@wsgr.com

Franklin M. Rubinstein (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI P.C.
1700 K Street NW
Washington, DC 20006
Tel: 202-973-8800
frubinstein@wsgr.com

*Attorneys for Defendant Google LLC*