UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELP INC., <br>     Plaintiff, <br> v. <br> GOOGLE LLC, <br>     Defendant. | Case No. 24-cv-06101-SVK <br><br> **ORDER REQUESTING SUPPLEMENTAL BRIEFING** <br><br> Re: Dkt. No. 24 |

Plaintiff Yelp Inc. ("Yelp") brings antitrust claims arising under Section 2 of the Sherman Act against Defendant Google LLC ("Google"). Section 2 of the Sherman Act concerns a defendant's exercise of monopoly power. Google moves to dismiss the claims as time barred under the four-year statute of limitations. *See* Dkt. 24 (the "Motion").

"Generally, [an antitrust] cause of action accrues and the statute [of limitations] begins to run when a defendant commits <u>an act</u> that injures a plaintiff's business." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 338 (1971) (emphasis added) (citations omitted). "Act," as used by the *Zenith* court, "refer[s], of course, to 'an act' that violates the governing [antitrust] statute." *See Klehr v. A.O Smith Corp.*, 521 U.S. 179, 198 (1997) (Scalia, J., concurring in part); *see also Nw. Aluminum Co. v. Hydro Aluminum Deutschland GmbH*, No. 02-cv-00398-JE, 2003 WL 23571743, at *7 (D. Or. July 3, 2003) ("Antitrust claims accrue when a plaintiff is injured by a defendant's violation of antitrust law." (citation omitted)), *report and recommendation affirmed in relevant part upon de novo review*, 2003 WL 23571744 (D. Or. Sept. 23, 2003). The governing statute here concerns an exercise of monopoly power, and a qualifying "act," therefore, for purposes of evaluating Google's statute-of-limitations argument, must involve Google's alleged monopoly.

Against this backdrop, the Parties argue in their briefing about the point in time at which

Google, under Yelp's allegations, exercised monopoly power. *See* Dkts. 30 at 10-11; 36 at 2-5. Neither Party, however, addresses the relevant standard of what constitutes an exercise of monopoly power: "In the context of a Section 2 claim, monopoly power means the power to control prices or exclude competition." *Dreamstime.com, LLC v. Google LLC*, 54 F.4th 1130, 1137 (9th Cir. 2022) (quotation marks and citation omitted). To allege the existence of monopoly power, a plaintiff must: "(1) define the relevant market, (2) establish that the defendant possesses market share in that market sufficient to constitute monopoly power, and (3) show that there are significant barriers to entering that market." *See id.* (footnote and citation omitted).

Accordingly, the Court **ORDERS** as follows:

- By **February 7, 2025**, Google shall file a supplemental brief, not to exceed **10 pages in length**, addressing the point in time, based on Yelp's allegations, at which it allegedly began exercising monopoly power.
- By **February 28, 2025**, Yelp shall file a response, not to exceed **10 pages in length**.
- By **March 14, 2025**, Google shall file a reply, not to exceed **five pages in length**.
- The Parties' supplemental briefing **must** address the Ninth Circuit standard for what constitutes an exercise of monopoly power and **may not** address other arguments presented in the briefing on the Motion.
- The Parties may modify the briefing schedule without the Court's approval by filing a **joint** stipulation.

**SO ORDERED.**

Dated: January 17, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge