[*Submitting counsel on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YELP INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 5:24-cv-06101-SVK <br><br> **DEFENDANT GOOGLE'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT** <br><br> Hon. Magistrate Judge Susan van Keulen |

Google submits this supplemental brief in support of its motion to dismiss (ECF 24 ("Motion" or "Mot.")), pursuant to the Court's January 17, 2025 Order (ECF 41). The Court ordered Google to address two questions: (1) "the point in time, based on Yelp's allegations, at which [Google] allegedly began exercising monopoly power," and (2) "the Ninth Circuit standard for what constitutes an exercise of monopoly power." *Id.*

To state its claims, Yelp must plausibly plead, *inter alia*, that Google exercised monopoly power within the four years prior to suit. Yelp failed to so plead. *First*, Yelp does not allege the particular point in time when Google attained monopoly power in the alleged local search markets. *Second*, despite circuit precedent, Yelp failed to allege an exclusionary act during the limitations period through which Google exercised that power. Without these requisite showings, Yelp's claims cannot proceed and its Complaint must be dismissed.

**ARGUMENT**

**I.   Yelp Failed to Plead the Particular Point in Time at Which Google Allegedly Crossed the Monopoly Power Threshold.**

The answer to the Court's first question is that Yelp's Complaint fails to plead the specific point in time at which Google attained monopoly power in the alleged local search markets.[1] To the contrary, Yelp's Opposition took pains to argue that Google could *not* have had monopoly power[2] at any date mentioned in the Complaint. Opp. at 11. Yelp went so far as to affirmatively deny (without citing any allegations in its Complaint) that Google had attained monopoly power at various points in time. *Id.* at 10–11. All Yelp is certain of is that Google allegedly had attained monopoly power by the time Yelp filed its lawsuit in 2024. *See* Compl. ¶¶ 83, 112. Even for that proposition, Yelp did

---

[1] While the Complaint describes an allegedly separate market for general search, Yelp claims injury only in its alleged markets for local search. Compl. ¶¶ 54–57, 75–78, 101–07, 128, 144–45, 150; Opp. at 10 ("Yelp's monopolization and attempted monopolization claims require monopoly power or a dangerous probability of monopoly power in the local search markets alleged.").

[2] The Complaint pleads both monopolization and attempted monopolization, but that distinction is not germane to the issues on which the Court called for supplemental briefing. *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1202 (9th Cir. 1997) (the requirements of the two claims "are similar, differing primarily in the requisite intent and the necessary level of monopoly power").

not cite any facts; it cited only a response to a query its counsel had put to Google's artificial intelligence chatbot immediately before filing the lawsuit. Compl. ¶¶ 83, 112. A citation to an artificial intelligence tool is *not* a plausible allegation. *See, e.g.*, ABA Comm. on Ethics & Pro. Resp., Formal Op. 512 (July 29, 2024) (warning that AI tools "lack the ability to understand the meaning of the text they generate" and "may combine otherwise accurate information in unexpected ways to yield false or inaccurate results"). To the contrary, the "uncritical reliance on content created by a [generative AI] tool" may result in "misleading representations to courts." *Id.* at 3.

Notwithstanding the source of information, Yelp's pleading-by-bot tells the Court nothing about *when* Google allegedly attained monopoly power in the relevant markets—it only suggests that Google had such power by the time of counsel's query in 2024. Compl. ¶¶ 83, 112. As to the question of *at what point* after the 2007 design change at the heart of this lawsuit Google allegedly attained monopoly power in the putative local search markets, Yelp pled no answer. In opposing Google's motion to dismiss, Yelp rhetorically questioned "how could it be" that Google had monopoly power as of 2007 (Opp. at 11), but could not point to any well-pleaded allegation articulating the attainment of monopoly power. There is none. To be sure, vaguely labeling Google a market leader does not suffice to plead monopoly power. Reply at 3–4 (citing cases).

As the Court's Order recognizes, the issue of whether and when monopoly power existed is not relevant simply to whether Yelp's claims are timely—it goes to whether Yelp has sufficiently pleaded such a claim at all. Reply at 5. Yelp cannot claim to have made plausible allegations of monopoly power while insisting that by pleading no date by which such power was obtained, its claims must be timely. And factually, what little the Complaint does say about Google's alleged power in "local search" argues, if anything, that Google attained it long ago, and possessed it more than a decade before the Complaint was filed. Reply at 3 (discussing events pleaded between 2012 and 2019 in Compl. ¶¶ 85–87, 113, 153).

The upshot is that "[t]he point in time, based on Yelp's allegations, at which [Google] allegedly began exercising monopoly power," is simply not pleaded in Yelp's Complaint.

## II. Yelp Failed to Plead That Google Unlawfully *Exercised* Monopoly Power in the Local Search Markets.

Not only has Yelp failed to allege when Google first attained monopoly power in the local search markets, but the Complaint fails to plead that Google "exercised" such power unlawfully within the limitations period in violation of Section 2. This, too, is fatal to Yelp's claims.

As the Court observed, "[t]he governing statute here concerns an exercise of monopoly power," which requires a "qualifying 'act'" that "involve[s] Google's alleged monopoly." ECF 41 at 1. To plead a plausible monopolization claim, the Complaint must allege more than the mere possession of monopoly power—the Complaint must also allege, among other things, that Google engaged in an exclusionary act. Put another way, "[t]he second element of a monopolization claim, willful acquisition or maintenance of monopoly power, requires a showing that defendant engaged in 'anticompetitive conduct,' or in other words, that defendant's acts amount to 'exclusionary or predatory conduct,' not power 'gained from growth or development as a consequence of a superior product, business acumen, or historic accident.'" *Carefusion Corp. v. Medtronic, Inc.*, 2010 WL 4509821, at *4 (N.D. Cal. Nov. 1, 2010) (quoting *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1208 (9th Cir. 1997)). Mere possession of monopoly power does not violate Section 2; rather, the statute targets the "use of [that] monopoly power to foreclose competition, to gain a competitive advantage, or to destroy a competitor." *LiveUniverse, Inc. v. MySpace, Inc.*, 304 F. App'x 554, 556 (9th Cir. 2008) (citation omitted); *John Doe 1 v. Abbot Lab'ys*, 571 F.3d 930, 934 (9th Cir. 2009); *see also Image Tech. Servs.*, 125 F.3d at 1208 (similar). "[T]he possession of monopoly power will not be found unlawful unless it is accompanied by an element of anticompetitive *conduct*." *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004) (emphasis in original); *see also FTC v. Qualcomm Inc.*, 969 F.3d 974, 990 (9th Cir. 2020) (applying *Trinko*); *Dreamstime.com, LLC v. Google LLC*, 54 F.4th 1130, 1137 (9th Cir. 2022) (requiring both monopoly power and willful acquisition or maintenance thereof because "[t]he mere possession of monopoly power" is not unlawful). Plausible pleading of an exclusionary act is

therefore critical to "distinguish[ing] between legitimate competition and conduct that interferes with competition." *Carefusion Corp.*, 2010 WL 4509821, at *4.

Here, Yelp has not alleged any new purportedly exclusionary conduct within the limitations period, and therefore its Complaint falls short of the pleading standards established by the Ninth Circuit. The only conduct which Yelp claims to have been injured by is an allegedly exclusionary change to the design of Google's search engine results page *in 2007*. Mot. at 10 (citing Compl. ¶ 39). On its face, this does not plead a timely antitrust claim. Mot. at 10–13; Reply at 5–7.

To the extent Yelp intends to suggest that its claims are timely because the 2007 design change first germinated into monopoly power within the limitations period more than thirteen years later—as its Opposition suggests (Opp. at 11)—that maneuver fails for two reasons. First, as explained above, Yelp does not plausibly plead the point within the limitations period (or otherwise) when Google first acquired monopoly power. *Supra*. Second, as explained, the *unlawful exercise* of monopoly power (as opposed to a lawful exercise of such power) for Section 2 purposes requires an exclusionary act. There is no exclusionary act (let alone any new act) within the limitations period pleaded in Yelp's Complaint. *See* Mot. at 10–13; *SaurikIT, LLC v. Apple, Inc.*, 2023 WL 8946200, at *1 (9th Cir. Dec. 28, 2023) (even if defendant attained monopoly power years ago through an allegedly unlawful agreement, merely extending and reiterating the agreement within the limitations period did not restart the statute of limitations); *Stanislaus Food Products Co. v. USS-POSCO Industries*, 2010 WL 3521979, at *13–17 (E.D. Cal. Sept. 3, 2010) (even if defendant gained monopoly power decades ago from the unlawful formation of a joint venture, continuing to operate the alleged venture into the limitations period, without a new exclusionary act, did not restart the limitations period).

The difference between possessing monopoly power and an unlawful exercise of monopoly power is often dispositive at 12(b)(6). *See, e.g.*, *LiveUniverse, Inc.*, 304 F. App'x at 556 ("The parties do not dispute the district court's finding that 'LiveUniverse sufficiently alleges that MySpace has monopoly power in the relevant market' . . . LiveUniverse has failed, however, sufficiently to allege [] exclusionary conduct[.]"); *Rider v. Clothing LLC v. Boardriders, Inc.*, 2019

WL 8163813, at *3 (C.D. Cal. Nov. 26, 2019) (dismissing monopolization claim because while "Plaintiff alleges that Defendants operate as a monopoly," it "has failed to allege any exercise of monopoly power"); *PNY Techs., Inc. v. SanDisk Corp.*, 2012 WL 1380271, at *10 (N.D. Cal. Apr. 20, 2012) (dismissing claims because "possession of monopoly power will not be found unlawful *unless it is accompanied by an element of anticompetitive conduct* done with intent to maintain or acquire a monopoly" (emphasis added)).

Finally, this is not a case in which the plaintiff claims that stale conduct did not *injure* the plaintiff until some point within the four years preceding the suit. To the contrary, Yelp claims to have been injured dating back at least to the allegedly exclusionary act it claims occurred in 2007. Mot. at 10; *see also* Compl. ¶ 40 (asserting that the allegedly exclusionary design "operates substantially similarly today" as it did in 2007). Yelp accordingly complained about Google to the FTC and Congress *no later than 2011*. Mot. Ex. A (describing Yelp complaints to the FTC); Mot. Ex. B (Yelp testimony to Congress). Ultimately, even had Yelp sufficiently pleaded an exclusionary act as required by Ninth Circuit law (it has not), the acts in question are stale and its claims are barred by the statute of limitations.

## CONCLUSION

Yelp's Complaint should be dismissed.

DATED: February 7, 2025

By: /s/ *John E. Schmidtlein*
John E. Schmidtlein
Benjamin M. Greenblum (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com

Amit Gressel
WILSON SONSINI GOODRICH & ROSATI P.C.
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Tel: 415-947-2087

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

agressel@wsgr.com

Franklin M. Rubinstein (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI P.C.
1700 K Street NW
Washington, DC 20006
Tel: 202-973-8800
frubinstein@wsgr.com

*Attorneys for Defendant Google LLC*

- 6 -