1    [*Submitting counsel on signature page*]

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                       **SAN JOSE DIVISION**

11
                                              Case No. 5:24-cv-06101-SVK
12   YELP INC.,

13              Plaintiff,              **DEFENDANT GOOGLE'S SUPPLEMENTAL
                                         REPLY IN SUPPORT OF ITS MOTION TO
14                   v.                  DISMISS COMPLAINT**

15   GOOGLE LLC,

16                                            Hon. Magistrate Judge Susan van Keulen
                Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

1    The Court asked two questions.  ECF 41 ("Order").  Google respectfully submits that Yelp's

2    inability to answer either confirms that Google's motion to dismiss should be granted.

3    I.    **Yelp cannot point the Court to "the point in time, based on Yelp's allegations, at which [Google] allegedly began exercising monopoly power" (Order at 2).**

4

5    The context for the question is important.  Google moved to dismiss on the grounds that the

6    only allegedly exclusionary act was the 2007 design change of Google's SERP.  ECF 24 at 10.  Yelp

7    opposed, calling this "central contention" of Google's timeliness challenge "head-scratching," on the

8    basis that it "ignores *whether Yelp had actionable Section 2 claims at that time*[.]"  ECF 30 at 10

9    (emphasis supplied).  What Yelp accused Google of "ignor[ing]" was that "Yelp's monopolization

10   and attempted monopolization claims require monopoly power or a dangerous probability of

11   monopoly power in the local search markets alleged."  *Id.*  Yelp made clear that "[o]n the face of the

12   Complaint, neither possibility could have been true in 2007."  *Id.*  Yelp also rejected any reading of

13   its Complaint under which such power was attained by 2015.  *Id.* at 11.  The only remaining question

14   was: what date for monopoly power *did* Yelp read its Complaint as pleading?

15   The Court thus asked the parties to identify "the point in time, based on Yelp's allegations, at

16   which [Google] allegedly began exercising monopoly power."  Order at 2.  Google responded that

17   Yelp's Complaint, read in light of the disclaimers in its Opposition, identified no such point in time.

18   ECF 42 at 1–2.  Yelp apparently agrees, because its Response fails to answer the Court's question.  It

19   begins by doubling down on the argument that begged the Court's question in the first place: "Yelp

20   does not allege that Google had monopoly power to exercise in 2007."  ECF 43 ("Resp.") at 1.  That

21   only tells the Court what the answer *is not*.  Yelp then insists that its "allegations embrace proof at

22   trial that Google did not attain 65% market share in local search until recently, *if at all* (hence Yelp's

23   attempted-monopolization and monopoly-leveraging claims)."  Resp. at 7 (emphasis in original).  "If

24   at all" speaks for itself: Yelp is unwilling to represent that it has pled monopoly power at all.  "Not

25   until recently" does not answer the question; nor is it accompanied by any citation to allegations

26   positing any such thing.  "Embracing proof at trial" appears to be a concession that Yelp has no such

27   allegations.  Finally, Yelp's nod to the lower threshold for pleading *attempted* monopolization is

28
- 1 -

1    irrelevant, for Yelp does not plead even a *lower* (but sufficient for attempt) market share figure than

2    65%, much less one that first accrued in or after 2020. *See, e.g., Rebel Oil Co. v. Atl. Richfield Co.*,

3    51 F.3d 1421, 1438 (9th Cir. 1995) (even for an attempt claim, plaintiff must make a "minimum

4    showing of market share"). Yelp offers no answer to the Court's question as to attempt, either.

5    　　　　All Yelp is sure of is that the operative date was *not* earlier than 2020. Resp. at 10 ("Yelp

6    could not have filed suit under Section 2 until 'Google acquired enough market power for an

7    actionable antitrust violation.'") (quoting ECF 30 at 1). That argument does not quote any allegation

8    in the Complaint—it quotes Yelp's Opposition. *See* ECF 30 at 1. So in answer to the Court's first

9    question, *both sides agree* that Yelp does *not* plead the point in time at which Google attained

10   monopoly power; indeed, Yelp is unwilling to plead that Google has attained it even today.

11   　　　　　　　　　　　　　　　　　　*　　*　　*

12   　　　　Having argued it does not necessarily plead monopoly power "at all," Yelp pivots to several

13   different arguments about how it could nevertheless state a claim without this essential element.

14   　　　　*First*, Yelp repeatedly argues that the burden as to the statute of limitations is Google's.

15   Resp. at 1, 2, 3, 4, 5, 7, 10. This is how Yelp converts "Google's argument—that the Complaint

16   furnishes no specific allegations of when Google first acquired monopoly power" into an

17   "admission" that there are "no allegations that might confirm any untimeliness." Resp. at 1. Again,

18   Yelp is refusing to answer the Court's question as to the point in time of alleged monopoly power.

19   In any event, Yelp concedes that it is *Yelp's* burden to plead that "Google acquired enough market

20   power for an actionable antitrust violation." *Id.* at 10. Whether Yelp bears a burden to "plead

21   around an affirmative defense," *id.* at 3, is a strawman; the operative question is whether Yelp

22   fulfilled its obligation to plead monopoly power such that it can state a claim. None of Yelp's

23   citations exempt it from that obligation. *Compare, e.g., Aurora Astro Prods. LLC v. Celestron*

24   *Acquisition, LLC*, 691 F. Supp. 3d 1132, 1147-49 (N.D. Cal. 2023) (dismissing for failure to plead

25   monopolization for certain time period).

26   　　　　*Second*, Yelp claims that the only question the Court can ask is whether Yelp "can prove no

27   set of facts" of a timely claim. Resp. at 1, 3, 4, 5, 10. But if Yelp cannot answer as to "the point in

28   　　　　　　　　　　　　　　　　　　　- 2 -

1    time . . . [of the] exercise[e of] monopoly power," then Yelp failed to plead facts to state a claim at

2    all.  Yelp's shirking of its obligation to plead an element of its affirmative claims is dispositive.

3         *Third*, Yelp suggests that Google "possesses" monopoly power in the present tense, or that it

4    only attained it "recently."  Resp. at 7; *but see id.* ("if at all").  The Court's question was what Yelp

5    *pleaded*, and Yelp does not point to any particular paragraph that so pleaded.  To the extent Yelp

6    would send the Court fishing across 45 paragraphs (*id.* at 7:17), that is an admission that it has no

7    specific allegation to cite.  Similarly, references to "publications" dating to within the limitations

8    period, *id.* at 8 (citing Compl. ¶¶ 44, 84), are unavailing; the Complaint does not allege that any of

9    those publications show Google's alleged monopoly power in local search at any point in time.

10   Finally, saying that the "Complaint embraces proof at trial of facts," Resp. at 6, is meaningless—that

11   is not the legal standard for pleading monopolization.  Yelp is required to plausibly plead the

12   elements of monopolization long before marshaling evidence at summary judgment or trial.  None of

13   Yelp's cases hold that a plaintiff can circumvent the statute of limitations at the pleading stage by

14   staying silent as to a particular element of the claim.  Nor does Yelp advance its argument by

15   claiming (unspecified) "significant factual disputes," *id.* at 8.  Those are not between Yelp and

16   Google, but rather, between Yelp and itself; that is not the type of fact dispute that pushes a

17   complaint across the plausibility threshold.

18        *Fourth*, Yelp points to counts denominated as "leveraging" and "tying," as if to suggest that

19   those do not require any market power in local search, exempting Yelp from its failure to plead such

20   power.  This is a u-turn for Yelp, which previously argued that deciding whether these "alternative"

21   counts stated a claim was "a waste of this Court's . . . time."  ECF 30 at 8.  If Yelp's position now is

22   that the time *is* well spent, those counts fail to state a claim too.  ECF 24 at 15–22.  It is clear that

23   there is no "free-standing monopoly leveraging claim."  *John Doe 1 v. Abbott Lab'ys*, 571 F.3d 930,

24   933–35 (9th Cir. 2009) (citing *Pacific Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438

25   (2009)).  *See also* ECF 24 at 19.  Nor would a leveraging claim exempt Yelp from adequately

26   pleading monopoly power; as Yelp described its purported leveraging claim, it is "that Google

27   leveraged its unlawful monopoly in general search *to obtain or maintain its unlawful monopoly in*

28   

- 3 -

1    *local search*."  ECF 30 at 24 (emphases altered from original).  Yelp likewise fails to plead core

2    elements of a tying claim: that two distinct products are tied together, and consumers are coerced to

3    purchase both.  ECF 24 at 15–18.

4           *Fifth*, Yelp repeatedly adverts to the purported "availability of tolling."  Resp. at 3, 6.  Yelp

5    did not plead any tolling.  ECF 30 at 16 (acknowledging it would need to amend to do so).  Nor did

6    Yelp's Opposition explain what facts it would add by amendment to justify tolling.  *Id.*  And the

7    Order did not invite briefing on such amendments.  In any event, as Google explained in its motion

8    to dismiss, tolling based upon the 2020 lawsuits of the Department of Justice and various state

9    attorneys general would make no difference to the timeliness of Yelp's Complaint.  ECF 24 at 14.

10   Yelp did not respond in its Opposition.  And Yelp still has not identified how any such tolling could

11   possibly matter; for it to matter, Yelp would have to plead that it had no claim until some time within

12   four years prior to the 2020 lawsuits, i.e., between 2016-2020.  Yelp did not so plead, and it points to

13   no such allegation.

14          Finally, Yelp cites new authority on the timeliness of its antitrust claims.  ECF 44.  That case

15   did not need to reach the statute of limitations, as it dismissed the antitrust claims on other grounds.

16   *Gamboa v. Apple Inc.*, 2025 WL 660190, *14 (N.D. Cal. Feb. 28, 2025).  In any event, unlike in

17   *Gamboa*, the complaint here does *not* leave ambiguity about whether the challenged conduct

18   occurred at a particular point (here, 2007), or whether "it has remained unchanged since then," *id.* at

19   *3.  *Compare* Compl. ¶ 40 (pleading that universal search "operates substantially similarly today" as

20   it did in 2007).

21
     **II.    Yelp cannot point the Court to any allegation of "an exercise of monopoly power"
22           within the limitations period (Order at 2).**

23          The parties have briefed whether the Complaint pleaded any exclusionary act within the four

24   years prior to suit.  The last, and only, allegedly exclusionary act Yelp pleads is the 2007 redesign of

25   Google's SERP.  ECF 24 at 10–11; ECF 36 at 6–7.  Yelp cannot back out of its pleading that "the

26   general architecture concept" of Google's SERP "is the same" as it was in 2007.  Compl. ¶ 42.  None

27   of the allegations in the 15 other paragraphs Yelp cites (Resp. at 9) suggest otherwise.  Those

28                                                - 4 -

1    paragraphs describe no new challenged conduct—nor that monopoly power was first attained—

2    within the limitations period.  They point to "scraping" or unspecified "algorithm changes," and an

3    "FTC Staff Memo" *from 2012*, each addressed by Google's motion.  ECF 24 at 10-11.

4         Yelp is not helped by citations for the proposition that "courts routinely reject motions to

5    dismiss based on statutes of limitation where the most a defendant can muster is that it does not

6    know from the face of the complaint when plaintiff's claim accrued."  Resp. at 3–4.  Yelp frames the

7    question incorrectly, for it is *Yelp* that "does not know" when—and thus, whether—monopolization

8    occurred.  But in any event, those cases featured something this Complaint does not: allegations of

9    new exclusionary acts within the limitations period.  *See Free FreeHand Corp. v. Adobe Sys. Inc.*,

10   852 F. Supp. 2d 1171, 1187 (N.D. Cal. 2012) (defendant "perpetuated its monopoly power and

11   caused Plaintiffs new injury after the merger, through . . . 'new and independent acts'"); *In re*

12   *Suboxone Antitrust Litig.*, 2017 WL 4910673, *18 (E.D. Pa. Oct. 30, 2017) (sham petition and hard

13   product switch were new acts within limitations period); *Zeleny v. Brown*, 2019 WL 3430734, at *3

14   (N.D. Cal. July 30, 2019) ("at least one overt act occurring within the statute of limitations period").[1]

15   Those cases support Google, not Yelp.

16        Finally, Yelp's argument that Google "could change course at any time" (*i.e.*, undo the 2007

17   design change), Resp. at 9, simply confirms that in Yelp's misconception of the caselaw, the statute

18   of limitations would never expire.  Nor does the statute of limitations "refresh each time Google

19   commits an act of competitive exclusion that injures Yelp," Resp. at 9 (citing no authority).  To the

20   contrary, "the accrual of an antitrust claim depends on the defendant's acts that harm competition,

21   *not* on the ripple effect those acts have on a particular plaintiff years later."  *Gamboa*, 2025 WL

22   660190, at *5, n.1 (contrasting price-fixing "because charging a fixed price, on its own, is

23   anticompetitive conduct.").

24

25

26   ---
     [1] *Compare S. California Elec. Firm v. S. California Edison Co.*, 668 F. Supp. 3d 1000, 1022 (C.D.
     Cal. 2023) (cited by Resp. at 4) (contract claim timely due to allegations that some of the contract
27   breaches were timely; antitrust claims dismissed on other grounds).

28                                          - 5 -

1

2    DATED: March 14, 2025            By: */s/ John E. Schmidtlein*
John E. Schmidtlein

3                                    Benjamin M. Greenblum (*pro hac vice*)
WILLIAMS & CONNOLLY LLP

4                                    680 Maine Avenue SW
Washington, DC 20024

5                                    Tel: 202-434-5000
jschmidtlein@wc.com

6                                    bgreenblum@wc.com

7                                    Amit Gressel
WILSON SONSINI GOODRICH & ROSATI P.C.

8                                    One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105-1126

9                                    Tel: 415-947-2087
agressel@wsgr.com

10

11                                  Franklin M. Rubinstein (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI P.C.

12                                  1700 K Street NW
Washington, DC 20006

13                                  Tel: 202-973-8800
frubinstein@wsgr.com

14

15                                  *Attorneys for Defendant Google LLC*

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL REPLY ISO MOTION TO DISMISS
Case No. 5:24-cv-06101-SVK