[*Submitting counsel on signature page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| YELP INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>GOOGLE LLC,<br><br>                    Defendant. | Case No. 5:24-cv-06101-SVK<br><br>**DEFENDANT GOOGLE'S ANSWER AND AFFIRMATIVE DEFENSES TO YELP'S AMENDED COMPLAINT**<br><br>Hon. Magistrate Judge Susan van Keulen |

Defendant Google LLC ("Google" or "Defendant"), through its undersigned counsel, answers the Amended Complaint (ECF 50) of Yelp Inc. ("Yelp" or "Plaintiff"), as set forth below using the paragraph numbers of the allegations asserted in Yelp's Amended Complaint.  Google generally denies the legal claims asserted in Yelp's Amended Complaint and avers that Yelp is not entitled to any relief.

### RESPONSES TO NUMBERED PARAGRAPHS

The allegations in the opening paragraph of the Amended Complaint consist of Yelp's characterization of its purported claims, to which no response is required.  To the extent any further response is required, Google admits that Yelp purports to bring an action against Google under Section 2 of the Sherman Act and California's Unfair Competition Law, but otherwise denies the allegations in the opening paragraph of the Amended Complaint.

Likewise, the section headings in the Amended Complaint do not require a response.  To the extent the section headings contain allegations requiring a response, Google denies all such allegations.

1.      Google admits the allegations in the first sentence in Paragraph 1 of the Amended Complaint.  Google otherwise denies the allegations in this paragraph.

2.      Google denies the allegations in Paragraph 2 of the Amended Complaint.

3.      Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences in this paragraph and denies those allegations on that basis.  The allegations in the fourth sentence in Paragraph 3 of the Amended Complaint are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google lacks information sufficient to form a belief as to the truth or falsity of the allegations, and denies them on that basis.

4.      With respect to the first sentence in Paragraph 4 of the Amended Complaint, Google admits that people can use the internet to learn and share information, including about local businesses, and that such information can be beneficial to consumers and can provide advertising opportunities.  Google otherwise denies the allegations in Paragraph 4 of the Amended Complaint.

5.      Google denies the allegations in the first and second sentences in Paragraph 5 of the Amended Complaint.  As to the allegations in the last sentence, Google admits the video linked in

footnote 2 contains the language quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of the quoted language.

6.      Google admits that since its early years, its Search algorithms have aimed to provide users with the most useful and helpful information to satisfy user information needs, but otherwise denies the allegations in the first, second, third, fifth, seventh, and eighth sentences in Paragraph 6 of the Amended Complaint.  As to the allegations in the fourth sentence in this paragraph, Google admits the existence of the language quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of it.  As to the allegations in the sixth sentence in this paragraph, Google admits that it is a party to the lawsuit captioned *United States of America et al. v. Google LLC*, No. 1:20-03010 (D.D.C.), that the court found, in the context of the allegations and claims asserted in that litigation, that 89.2% of "general search queries" in 2020 "flowed through Google" and that general search engines "are a gateway to the World Wide Web," but otherwise denies the allegations.

7.      Google admits that consumers can find information online using search products and services other than Google, such as Yelp for local businesses, Expedia for travel, Glassdoor for jobs and employers, and Zillow for apartment rentals and real estate, and that consumers can access those products and services via Google Search or by going directly to the websites or mobile applications of those businesses.  Google otherwise denies the allegations in Paragraph 7 of the Amended Complaint.

8.      Google admits that other search providers may monetize their content, may offer users different experiences from one another, and may offer search experiences focused on particular content.  Google otherwise lacks information to form a belief as to the truth or falsity of the allegations in the first and second sentences in Paragraph 8 of the Amended Complaint, which concern how "SVPs typically generate revenue," and denies the remaining allegations on that basis.  The allegations in the third sentence in this paragraph are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations on the ground that "local search" is undefined, rendering the allegations vague as a matter of law, and to the extent not vague, Google denies the allegations.  Google denies the allegations in the fourth and fifth sentences in this paragraph.

9.    Google admits that, since its founding, its mission has been to organize the world's information and make it universally accessible and useful to users; that it at times has entered into data licensing agreements with Yelp; that certain personnel discussed acquiring Yelp; and that Google may display links to Yelp's website on Google's search results pages.    Google otherwise denies the allegations in Paragraph 9 of the Amended Complaint.

10.    Google admits that investigations were conducted by the Federal Trade Commission from 2011 through 2013, investigations have been conducted by the European Commission, and Google is a party to the lawsuit captioned *United States of America et al. v. Google LLC*, No. 1:20-cv-03010 (D.D.C.), but denies Yelp's characterization of those proceedings, which speak for themselves. Google otherwise denies the allegations in Paragraph 10 of the Amended Complaint.

11.    Google denies the allegations in Paragraph 11 of the Amended Complaint.

12.    Google denies the allegations in Paragraph 12 of the Amended Complaint.

13.    Google admits that it competes with other information providers including Yelp to serve user information needs, but denies the remaining allegations in Paragraph 13 of the Amended Complaint.

14.    The allegations in Paragraph 14 of the Amended Complaint consist of Yelp's characterization of its purported claims, to which no response is required.    To the extent a response is required, Google admits that Yelp purports to bring an antitrust action against Google, but otherwise denies the allegations.

15.    The allegations in Paragraph 15 of the Amended Complaint are legal conclusions not subject to admission or denial.    To the extent a response is required, Google does not dispute subject matter jurisdiction.

16.    The allegations in the first sentence in Paragraph 16 of the Amended Complaint are legal conclusions not subject to admission or denial.    To the extent a response is required, Google does not dispute—for the purposes of this action only—venue in this District.    As to the allegations in the second sentence in this paragraph, Google admits that it is a limited liability company organized and

existing under the laws of the State of Delaware and that it maintains a Mountain View, California business address. Google otherwise denies the allegations in Paragraph 16 of the Amended Complaint.

17.    The allegations in the first sentence in Paragraph 17 of the Amended Complaint are legal conclusions not subject to admission or denial. To the extent a response is required, Google does not dispute—for the purposes of this action only—the personal jurisdiction of this Court. As to the allegations in the second sentence in this paragraph, Google admits that it is a limited liability company organized and existing under the laws of the State of Delaware and that it maintains a Mountain View, California business address. Google otherwise denies the allegations in Paragraph 17 of the Amended Complaint.

18.    Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Amended Complaint, and denies them on that basis.

19.    Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Amended Complaint, and denies them on that basis.

20.    Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Amended Complaint, and denies them on that basis.

21.    Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Amended Complaint, and denies them on that basis.

22.    With respect to the allegations in the first sentence in Paragraph 22 of the Amended Complaint, Google admits that it is a limited liability company organized and existing under the laws of the State of Delaware and that it maintains a Mountain View, California business address. Google further admits the allegations in the second sentence in this paragraph. As to the allegations in the third sentence in this paragraph, Google admits that it operates a general search engine and that its search engine results pages may return different categories of search results depending on their relevance to the query entered. The allegations in the fourth sentence in this paragraph are legal conclusions not subject to admission or denial. As to the allegations in the fifth sentence in this paragraph, Google admits that it sells advertisements that appear on its search results pages in response

to certain user queries.  Google otherwise denies the allegations in Paragraph 22 of the Amended Complaint.

23.    Google admits that, since its founding, its mission has been to organize the world's information and make it universally accessible and useful to users, but otherwise denies the allegations in Paragraph 23 of the Amended Complaint.

24.    Google admits that it was founded in 1998 but otherwise lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Amended Complaint, and denies them on that basis.

25.    With respect to the allegations in the first and second sentences in Paragraph 25 of the Amended Complaint, Google admits that it was founded by Larry Page and Sergey Brin, and that it created an innovative way to search the internet.  As to the allegations in the third sentence in this paragraph, Google admits the existence of the language quoted.  Google denies any remaining allegations in this paragraph.

26.    Google admits that it uses algorithms that evaluate the relevance and usefulness of information to a user's query.  Among those algorithms is PageRank, which models a webpage's "PageRank" based on how many other pages point to it and how many other pages point to those pages.  Google denies any remaining allegations in the first and second sentences in Paragraph 26 of the Amended Complaint.  As to the allegations in the last sentence in this paragraph, Google admits that the website linked in footnote 3 contains the language quoted.

27.    Google admits the allegations in the first sentence in Paragraph 27 of the Amended Complaint.  As to the allegations in the second sentence in this paragraph, Google admits that it incorporated an algorithm based on PageRank in its launch in 1998, and that it continues to incorporate an algorithm based on PageRank among its ranking algorithms.  Google otherwise denies the allegations.

28.    Google admits that it has developed innovative approaches to maximizing user access to information, but otherwise denies the allegations in the first sentence in Paragraph 28 of the Amended Complaint on the ground that "revolutionized" and "democratized" are undefined, rendering

those allegations vague as a matter of law.  As to the allegations in the second sentence in this paragraph, Google admits that it has algorithms designed to return quality results to users but denies that Google has only one algorithm.  As to the allegations in the third and fourth sentences in this paragraph, Google admits the existence of the language quoted but denies the remainder of Yelp's allegations characterizing the substance of it.  Google denies the allegations in the last sentence of this paragraph.

29.     Google denies the allegations in the first sentence in Paragraph 29 of the Amended Complaint.  As to the allegations in the second and third sentences in this paragraph, Google admits that users' queries can sometimes reveal user intent, and that there is value in advertising that is responsive to users' search queries.  As to the allegations in the fourth, fifth, and sixth sentences in this paragraph, Google admits that it adopted an auction system in the early 2000s (originally called AdWords and later renamed Google Ads) to allocate limited advertising space on its search results pages, whereby advertisers bid on keywords and the winning bidder's advertisement is shown in response to certain queries; Google further admits that some advertisers pay only when a user clicks on the ad and that Google sometimes displays multiple advertisements.  Google otherwise denies the allegations in Paragraph 29 of the Amended Complaint, including on the ground that "preferential advertising placement" is undefined, rendering the allegations vague as a matter of law, and to the extent not vague, Google denies the allegations.

30.     Google admits that some of its products and services, including Google Search, may display advertisements in different formats, including text ads and "product listing ads"; that these advertisements may be displayed on search results pages when relevant and useful to satisfying user information needs; that there is value in advertising that is responsive to users' search queries; and that users' queries can sometimes reveal user intent.  Google denies any remaining allegations in the first, second, and third sentences in Paragraph 30 of the Amended Complaint.  With respect to the allegations in the fourth sentence in this paragraph, Google admits that various advertisers use advertisements to market and promote their products and services in a variety of manners, but otherwise lacks

- 6 -

1    information sufficient to form a belief as to the truth or falsity of these allegations, which concern

2    unspecified third parties' beliefs and opinions, and denies the allegations on that basis.

3            31.    Google denies the allegations in Paragraph 31 of the Amended Complaint.

4            32.    To the extent the allegations in the first, second, third, and fourth sentences in Paragraph

5    32 of the Amended Complaint purport to describe or characterize public data sources, no response is

6    required.  To the extent a response is required, Google denies those allegations, including on the ground

7    that "click-through rates" is undefined, rendering those allegations vague as a matter of law.  As to the

8    allegations in the fifth sentence in this paragraph, to the extent they purport to characterize or describe

9    consumers' opinions and beliefs, Google lacks information sufficient to form a belief as to the truth or

10    falsity of those allegations and denies them on that basis.  Google admits the existence of the webpages

11    linked in footnotes 4, 5, and 6 to this paragraph but denies the remainder of Yelp's allegations,

12    including those characterizing the substance of those webpages.

13            33.    Google admits that it earns revenue through the sale of advertisements that are

14    displayed in response to certain search queries, and further admits that Alphabet Inc.'s 2023 Form 10-

15    K recognizes annual revenues of $175 billion generated on "Google Search and other," which includes

16    revenues on Google search properties and other Google owned and operated properties.  Google

17    otherwise denies the allegations in Paragraph 33 of the Amended Complaint.

18            34.    Google admits that consumers can find information online using search products and

19    services other than Google Search, but denies the remaining allegations in the first and third sentences

20    in Paragraph 34 of the Amended Complaint.  As to the second sentence, Google admits that, regarding

21    "cost-per-click" based "search advertising," advertisers make payments to Google only when a user

22    clicks on the advertisement.  Google otherwise denies the allegations in that sentence.  As to the

23    allegations in the fourth, fifth, and sixth sentences in this paragraph, Google admits that the document

24    linked in footnotes 7-9 to this paragraph contains the language quoted in those sentences but denies

25    the remainder of Yelp's allegations, including those characterizing the substance of that document.

26            35.    Google admits that consumers can find information online using search products and

27    services other than Google Search, and that some of those other search products and services sell

28

- 7 -

advertisements, but denies the remaining allegations in the first sentence in Paragraph 35 of the Amended Complaint. As to the remaining allegations in this paragraph, Google admits that the document linked in footnote 10 contains the language quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of that document.

36. Google denies the allegations in Paragraph 36 of the Amended Complaint.

37. With respect to the allegations in the first and second sentences in Paragraph 37 to the Amended Complaint, Google admits that in the early 2000s, Google began introducing specialized results for certain categories of searches related to specific topics. Google further admits that when Google first introduced those specialized results, they were displayed via tabs at the top of Google's search results pages. As to the remaining allegations in this paragraph, Google admits that the document linked in footnote 11 contains the language quoted but denies the remainder of Yelp's allegations in this paragraph, including those characterizing the substance of that document.

38. Google admits the allegations in the first sentence in Paragraph 38 of the Amended Complaint. As to the allegations in the second sentence of this paragraph, Google admits that the webpage linked in footnote 12 contains the language quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of that webpage. As to the allegations in the third sentence of this paragraph, Google admits that its search results pages may return different categories of search results, in various formats and positions, depending on their relevance and usefulness to the query entered, but otherwise denies the allegations.

39. Google admits that its search results pages may return different categories of search results, in various formats and positions, depending on their relevance and usefulness to the query entered. Google otherwise denies the allegations in Paragraph 39 of the Amended Complaint.

40. Google admits that its "OneBoxes" are units or modules that provide users with information relevant to their query, like images, maps, or product information, that is beyond traditional text links (i.e., the ten blue links). Google otherwise denies the allegations in the first sentence in Paragraph 40 of the Amended Complaint. Google denies the allegations in the second, fourth, and fifth sentences in this paragraph, including on the grounds that "attention" is undefined,

rendering the allegations vague as a matter of law, and to the extent not vague, Google denies the allegations. As to the allegations in the third sentence in this paragraph, to the extent the allegations purport to describe or characterize public data sources, including those linked in footnote 13 to this paragraph, no response is required. To the extent a response is required, Google admits the existence of the linked document but denies the remainder of Yelp's allegations, including those characterizing the substance of that document.

41. Google denies the allegations in the first sentence in Paragraph 41 of the Amended Complaint on the ground that "general architecture concept" is undefined, rendering the allegations vague as a matter of law. Google denies the allegations in the second sentence of this paragraph. To the extent Figure 1 purports to depict, construe, or describe portions of Google's search results pages, no response is required. To the extent a response is required, Google denies that the figure presents a fair and complete representation of Google's search results pages and, on that basis, denies the allegations contained in Figure 1. Google denies any remaining allegations in and the accuracy of Figure 1 and Paragraph 41 of the Amended Complaint.

42. Google denies the allegations in Paragraph 42 of the Amended Complaint.

43. To the extent the allegations in Paragraph 43 of the Amended Complaint purport to describe or characterize public data sources, no response is required. To the extent a response is required, Google admits the existence of the documents linked in footnotes 14-16 of this paragraph but denies Yelp's allegations characterizing the substance of those sources and denies any remaining allegations in Paragraph 43 of the Amended Complaint.

44. Google denies the allegations in Paragraph 44 of the Amended Complaint.

45. Google admits that consumers can find information online using search products and services other than Google Search and that other products and services may provide advertisements. The remaining allegations in the first sentence in Paragraph 45 of the Amended Complaint are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations. Google denies the remaining allegations in this paragraph.

46.     The allegations in the first sentence in Paragraph 46 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google admits that the court in *United States of America et al. v. Google LLC*, No. 1:20-03010 (D.D.C.) found, in the context of the allegations and claims asserted in that litigation, a relevant product market for general search services, but otherwise denies the allegations.  The allegations in the second sentence in this paragraph are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.

47.     Google admits that its search products and services can be used by consumers to search the internet for information in response to a wide range of queries and that some search products and services, including Google Search, identify responsive information to display on their search results pages from their web indices, among other sources.  Google further admits that its results pages and those of other general search engines may return different categories of search results depending on their relevance to the query entered, including traditional text links (i.e., the ten blue links) and various units like knowledge panels, maps, images, and videos, as well as advertisements.  Google lacks sufficient information as to the precise methodology used by other "GSEs," as used in the Amended Complaint, and denies any remaining allegations in Paragraph 47 of the Amended Complaint on that basis.

48.     The allegations in Paragraph 48 of the Amended Complaint are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google admits that some search products and services seek to enable consumers to search the internet for information in response to a wide range of queries, but otherwise denies the allegations, including because "general search services" is undefined, rendering those allegations vague as a matter of law.

49.     The allegations in the first sentence in Paragraph 49 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  With respect to the allegations in the second and third sentences in this paragraph, Google admits that consumers can find information online using a variety of search

products and services but denies the remainder of allegations in those sentences. As to the allegations in the fourth sentence in this paragraph, Google admits that Elizabeth Reid provided the quoted trial testimony in the context of the lawsuit captioned *United States of America et al. v. Google LLC*, No. 1:20-03010 (D.D.C.) and the allegations and claims asserted therein but denies the remainder of Yelp's allegations, including those characterizing the substance of that testimony.

50.     Google admits that some search products and services, including Google Search, use software to "crawl" the internet and index copies of webpages, but lacks sufficient information as to the precise methodology used by all "GSEs," as that term is used in the Amended Complaint, and denies the remaining allegations in the first and second sentences in Paragraph 50 of the Amended Complaint on that basis. As to the allegations in the third, fourth, and fifth sentences in this paragraph, Google admits that some search products, including Google Search, crawl content on the open web, store crawled content in one or more indexes, and use algorithms to evaluate the relevance of information to a user's query and to determine what information to display on its search results pages and in what format. Google also admits that it commits technological and engineering resources to these products. However, Google lacks sufficient information as to the precise methodology used by all "GSEs," as that term is used in the Amended Complaint, and denies the remaining allegations in those sentences on that basis. Google lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, which concern the conduct of unspecified third parties, and denies the allegations on that basis.

51.     The allegations in the first, second, and fourth sentences in Paragraph 51 of the Amended Complaint are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations. As to the allegations in the third sentence, Google admits that Hal Varian provided trial testimony in the context of the lawsuit captioned *United States of America et al. v. Google LLC*, No. 1:20-03010 (D.D.C.) and the allegations and claims asserted therein but denies Yelp's allegations characterizing the substance of that testimony.

52.     The allegations in Paragraph 52 of the Amended Complaint are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations.

53.     Google denies the allegations in Paragraph 53 of the Amended Complaint.

54.     Google admits that at one point it conducted a study titled "Project Charlotte" regarding Amazon Prime, which found that users with an Amazon Prime membership or the Amazon app were more likely to be frequent Google users.  Google otherwise denies Yelp's allegations in the first, second, and third sentences in Paragraph 54 of the Amended Complaint characterizing the substance of the study.  As to the allegations in the fourth sentence in this paragraph, Google admits that Prahbhakar Raghavan provided the quoted trial testimony in the context of the lawsuit captioned *United States of America et al. v. Google LLC*, No. 1:20-03010 (D.D.C.) and the allegations and claims asserted therein but denies Yelp's allegations characterizing the substance of that testimony.

55.     Google admits that it performs competitive analyses comparing Google Search to other information providers.  Google otherwise denies the allegations in Paragraph 55 of the Amended Complaint.

56.     Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first and third sentences in Paragraph 56 of the Amended Complaint, which concern the opinions and beliefs of unspecified third parties, and denies the allegations on that basis.  As to the allegations in the second and fourth sentences in this paragraph, Google admits that users can access information on the internet through web browsers and other search access points, and that the Chrome browser offers a list of general search engines that users can select to be their default search engine, but otherwise denies the allegations.

57.     Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first and third sentences in Paragraph 57 of the Amended Complaint, which concern unspecified third parties' opinions and beliefs, and denies the allegations on that basis.  As to the allegations in the second sentence in this paragraph, Google admits that Sridhar Ramaswamy provided the quoted trial testimony in the context of the lawsuit captioned *United States of America et al. v. Google LLC*, No. 1:20-03010 (D.D.C.) and the allegations and claims asserted therein but denies the remainder of Yelp's allegations, including those characterizing the substance of that testimony.

58.    The allegations in the first and second sentences in Paragraph 58 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  As to the allegations in the third sentence in this paragraph, those allegations are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.

59.    The allegations in the first sentence in Paragraph 59 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  As to the allegations in the second, third, and fourth sentences in this paragraph, the allegations are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  As for Figure 2, Google denies that the figure presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 2.  Google denies any remaining allegations in and the accuracy of Figure 2 and Paragraph 59 of the Amended Complaint.

60.    Google denies the allegations in the first sentence in Paragraph 60 of the Amended Complaint.  The remaining allegations in Paragraph 60 of the Amended Complaint are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  As for Figure 3, Google denies that the figure presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 3.  Google denies any remaining allegations in and the accuracy of Figure 3 and Paragraph 60 of the Amended Complaint.

61.    The allegations in the first sentence in Paragraph 61 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  Google denies the remaining allegations in this paragraph on the grounds that "significant," "highly complex," "effective," "adequate," "comprehensive," "fundamental," and "complexity" are undefined, rendering the allegations vague as a matter of law and, to the extent not vague, Google lacks information sufficient to form a belief as to their truth or falsity, and denies them on that basis.

1

62.    Google denies the allegations in Paragraph 62 of the Amended Complaint.

2

63.    Google denies the allegations in the first, second, and fourth sentences in Paragraph 63

3

of the Amended Complaint.  As to the allegations in the third sentence in this paragraph, Google admits

4

that Satya Nadella provided the quoted trial testimony in the context of the lawsuit captioned *United*

5

*States of America et al. v. Google LLC*, No. 1:20-03010 (D.D.C.) and the allegations and claims

6

asserted therein but denies the remainder of Yelp's allegations, including those characterizing the

7

substance of that testimony.

8

64.    Google denies the allegations in Paragraph 64 of the Amended Complaint.

9

65.    Google admits that some dictionaries do refer to "Google" as a verb, but otherwise

10

denies the allegations in the first and second sentences in Paragraph 65 of the Amended Complaint.

11

As to the allegations in the third sentence in this paragraph, Google admits Mr. Ramaswamy provided

12

trial testimony in the context of the lawsuit captioned *United States of America et al. v. Google LLC*,

13

No. 1:20-03010 (D.D.C.) and the allegations and claims asserted therein but denies the remainder of

14

Yelp's allegations, including those characterizing the substance of that testimony.

15

66.    Google lacks information sufficient to form a belief as to the truth or falsity of the

16

allegations in Paragraph 66 of the Amended Complaint, which concern unspecified third parties'

17

opinions and beliefs, and denies the allegations on that basis.

18

67.    Google denies the allegations in the first and second sentences in Paragraph 67 of the

19

Amended Complaint.  As to the allegations in the third and fourth sentences, they are premised on

20

Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.

21

To the extent a response is required, Google lacks information sufficient to form a belief as to the truth

22

or falsity of the allegations, which concern third parties, and denies the allegations on that basis.

23

Google denies the allegations in the fifth sentence in this paragraph.  Google lacks information

24

sufficient to form a belief as to the truth or falsity of the allegations in the last sentence in Paragraph

25

67 of the Amended Complaint, which concern a third party, and denies the allegations on that basis.

26

68.    Google denies the allegations in the first sentence in Paragraph 68 of the Amended

27

Complaint.  As to the allegations in the second sentence in this paragraph, Google admits the cited

28

document contains the language quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of that document.

69.    The allegations in the first sentence in Paragraph 69 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  The remaining allegations in this paragraph are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.

70.    The allegations in the first sentence in Paragraph 70 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  The allegations in the second sentence in this paragraph are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  As to the allegations in the third, fourth, and fifth sentences, Google admits that consumers can use a variety of search products and services to serve their information needs, and different search products and services may provide different types of information.  Google otherwise denies the allegations.

71.    The allegations in the first sentence in Paragraph 71 of the Amended Complaint are legal conclusions not subject to admission or denial.   To the extent a response is required, Google denies the allegations.  The allegations in the second sentence in this paragraph are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.

72.    Google denies the allegations in Paragraph 72 of the Amended Complaint, including on the ground that "local search" is undefined, rendering the allegations vague as a matter of law, and to the extent not vague, Google denies the allegations.

73.    The allegations in the first sentence in Paragraph 73 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  As to the remaining allegations in this paragraph, Google lacks information

sufficient to form a belief as to the truth or falsity of the allegations, which concern unspecified third parties, and denies the allegations on that basis.

74.    The allegations in the first sentence in Paragraph 74 of the Amended Complaint are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.    To the extent a response is required, Google denies the allegations.    Google lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations, which concern unspecified third parties' beliefs and opinions, and denies the allegations on that basis.

75.    Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences in Paragraph 75 of the Amended Complaint, which concern unspecified third parties' conduct, opinions, and beliefs, and denies the allegations on that basis.    As to the allegations in the fourth sentence, Google denies the allegations on the ground that "local search ads" is undefined, rendering the allegations vague as a matter of law, and to the extent not vague, Google denies the allegations.    As to footnote 22 to this paragraph, Google admits the existence of the linked document, but denies Yelp's allegations characterizing the substance of it. Google otherwise denies the allegations.

76.    Google denies the allegations in the first sentence in Paragraph 76 of the Amended Complaint.    As to the allegations in the second sentence in this paragraph, Google admits the webpage linked in footnote 23 to this paragraph contains the language quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of that webpage.    With respect to the allegations in the third sentence, Google admits that its Search algorithms aim to provide users with the most useful and helpful information to satisfy their information needs, but otherwise denies the allegations.

77.    Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first and fourth sentences in Paragraph 77 of the Amended Complaint, which concern unspecified third parties' opinions and beliefs, and denies the allegations on that basis.    As to the allegations in the second and third sentences in this paragraph, Google admits that the webpage linked in footnotes 24 and 25 to this paragraph contains the language quoted but denies the remainder of

Yelp's allegations, including those characterizing the substance of that webpage.  As to the allegations in the fifth sentence and footnotes 26 and 27 in this paragraph, Google admits that it offered expert testimony from Dr. Mark Israel in the context of the lawsuit captioned *United States of America et al. v. Google LLC*, No. 1:20-03010 (D.D.C.) and the allegations and claims asserted therein, but Google denies the remainder of Yelp's allegations, including those characterizing the substance of Dr. Israel's expert opinions.  Google otherwise denies the allegations.

78.    Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Amended Complaint, which concern the methodology used by "local search providers," and denies the allegations on that basis.

79.    The allegations in the first sentence in Paragraph 79 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  The remaining allegations in this paragraph are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.

80.    The allegations in the first sentence in Paragraph 80 of the Amended Complaint are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  As to the allegations in the second sentence in this paragraph, those allegations are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.

81.    Google denies the allegations in Paragraph 81 of the Amended Complaint.

82.    The allegations in Paragraph 82 of the Amended Complaint are premised on a response to a query Yelp's counsel entered into Google's artificial intelligence chatbot before filing this lawsuit, and therefore are not subject to admission or denial.  To the extent a response is required, Google denies the allegations.

83.    Google denies the allegations in the first sentence in Paragraph 83 of the Amended Complaint.  As to the remaining allegations, they are premised on a response to a query Yelp's counsel

entered into Google's artificial intelligence chatbot before filing this lawsuit, and therefore are not subject to admission or denial. To the extent a response is required, Google denies the allegations.

84. Google denies the allegations in the first sentence in Paragraph 84 of the Amended Complaint. The remaining allegations in this paragraph are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial; they also purport to describe or characterize public data sources, to which no response is required. To the extent a response is required, Google denies the allegations. As to footnote 28 to this paragraph, Google admits the existence of the webpage cited therein but denies the remainder of Yelp's allegations, including those characterizing the substance of that webpage.

85. Google admits that the webpage cited in footnote 29 to this paragraph contains the language quoted but, to the extent the remainder of Yelp's allegations in Paragraph 85 of the Amended Complaint purport to describe or characterize public data sources, no response is required. To the extent a response is required, Google denies the allegations, including on the ground that "local search tool" is undefined, rendering the allegations vague as a matter of law, and to the extent not vague, Google denies the allegations.

86. Google denies the allegations in Paragraph 86 of the Amended Complaint.

87. With respect to the allegations in the first and second sentences in Paragraph 87 of the Amended Complaint, Google admits that there are a number of metrics that measure the quality of search products and services, and that those metrics include certain forms of "user engagement." Google otherwise denies those allegations, including on the ground that "user engagement" is undefined, rendering the allegations vague as a matter of law, and to the extent not vague, Google denies the allegations. As to the allegations in the third, fourth, fifth, and sixth sentences in this paragraph, which concern Yelp's and third parties' opinions, beliefs, and conduct, Google lacks information sufficient to form a belief as to their truth or falsity, and denies the allegations on that basis. Google denies the allegations in the seventh, eighth, and ninth sentences in this paragraph.

88. Google denies the allegations in the first sentence in Paragraph 88 of the Amended Complaint. The remaining allegations in this paragraph are premised on Yelp's proposed market

definitions, which are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations.

89. The allegations in the first sentence in Paragraph 89 of the Amended Complaint are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations. The remaining allegations in this paragraph are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations.

90. The allegations in Paragraph 90 of the Amended Complaint are legal conclusions not subject to admission or denial. To the extent a response is required, Google admits that the court in *United States of America et al. v. Google LLC*, No. 1:20-03010 (D.D.C.), found, in the context of the allegations and claims asserted in that litigation, a market for search advertising and that the cited decision contains the language quoted but denies the remainder of Yelp's allegations.

91. The allegations in the first sentence in Paragraph 91 of the Amended Complaint are legal conclusions not subject to admission or denial. To the extent a response is required, Google admits that the court in *United States of America et al. v. Google LLC*, No. 1:20-03010 (D.D.C.) found, in the context of the allegations and claims asserted in that litigation, a product market for search advertising, but otherwise denies the allegations. As to the remaining allegations in this paragraph, Google admits that advertisers may purchase advertisements that are delivered to users in response to search queries performed on search services and products, that users' queries can sometimes reveal their intent, and that there is value in advertising that is responsive to users' search queries, but otherwise denies the allegations.

92. Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence in Paragraph 92 of the Amended Complaint, which concern unspecified third parties' opinions and beliefs, and denies the allegations on that basis. As to the allegations in the second sentence, Google admits that Alexander Daniels provided the quoted deposition testimony in the context of the lawsuits captioned *United States of America et al. v. Google LLC*, No. 1:20-03010

1    (D.D.C.) and the allegations and claims asserted therein, but denies the remainder of Yelp's

2    allegations, including those characterizing the substance of that testimony.

3          93.    The allegations in the first sentence in Paragraph 93 of the Amended Complaint are

4    legal conclusions not subject to admission or denial. To the extent a response is required, Google

5    denies the allegations. As to the allegations in the second, third, and fourth sentences in this paragraph,

6    Google admits that different types of advertisements rely to varying degrees on latent intent, which

7    can include signals such as present and past interactions with a webpage, accounts the user follows,

8    videos or photographs the user views, and how the user engages with a post. Google otherwise denies

9    the allegations in those sentences on the grounds that they are premised on Yelp's proposed market

10   definitions, which are legal conclusions not subject to admission or denial, and on the grounds that

11   "display ads" and "social media ads" are undefined, rendering the allegations vague as a matter of law.

12   To the extent a response is required, Google denies the allegations. Google lacks information sufficient

13   to form a belief as to the truth or falsity of the allegations in the fifth and sixth sentences in this

14   paragraph, which concern unspecified third parties' opinions and beliefs, and denies the allegations on

15   that basis.

16         94.    Google admits that advertisers may use different types of advertisements to market their

17   products and services in a variety of manners, but otherwise denies the allegations in Paragraph 94 of

18   the Amended Complaint.

19         95.    Google admits that advertisers can have different objectives and that advertisements

20   can be used to meet those objectives. Google further admits that the term "funnel" may be used by

21   some. To the extent Figure 4 and Paragraph 95 of the Amended Complaint purport to depict, construe,

22   or describe marketers' or advertisers' understanding of the "funnel," Google lacks information

23   sufficient to form a belief as to the truth or falsity of the allegations, which concern unspecified third

24   parties' opinions and beliefs, and denies the allegations on that basis. To the extent a response is

25   required, Google denies that Figure 4 presents a fair and complete description of the matters described

26   therein and, on that basis, denies the allegations contained in Figure 4. Google denies any remaining

27   allegations in and the accuracy of Figure 4 and Paragraph 95 of the Amended Complaint.

96.     Google admits that the term "funnel" may be used by some.  To the extent the allegations in Paragraph 96 of the Amended Complaint purport to characterize the "funnel," Google denies the allegations for the reasons explained in response to Paragraph 95.

97.     Google admits that the term "funnel" may be used by some.  To the extent Paragraph 97 of the Amended Complaint purports to describe marketers' or advertisers' understanding of the "funnel," Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence in this paragraph, which concern unspecified third parties' opinions and beliefs, and denies the allegations on that basis.  Google denies the allegations in the second, fourth, and fifth sentences in this paragraph.  As to the allegations in the third sentence in this paragraph and footnote 32 cited therein, Google admits that the decision from *United States of America et al. v. Google LLC*, No. 1:20-03010 (D.D.C.), which arose in the context of the allegations and claims asserted in that litigation, contains the language quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of that decision.

98.     Google admits that the term "funnel" may be used by some.  To the extent Paragraph 98 of the Amended Complaint purports to describe industry participants' understanding of the "funnel," Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, which concern third parties' opinions, beliefs, and conduct, and denies the allegations on that basis.

99.     Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 of the Amended Complaint, which concern the corporate structures of "large advertisers," and denies the allegations on that basis.

100.     The allegations in the first and second sentences in Paragraph 100 of the Amended Complaint are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  As to the allegations in the third and fourth sentences in this paragraph, Google admits the existence of the documents cited in footnotes 33 and 34 to this paragraph but denies the remainder of Yelp's allegations, including those characterizing the substance of those documents.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

101.    The allegations in Paragraph 101 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

102.    The allegations in Paragraph 102 of the Amended Complaint are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google admits that advertisers purchase advertisements that are delivered to users in response to their search queries, that users' queries can sometimes reveal their intent, and that there is value in advertising that is responsive to users' search queries.  Google otherwise denies the allegations, including on the ground that "local search advertising" is undefined, rendering the allegations vague as a matter of law, and to the extent not vague, Google denies the allegations.

103.    Google admits that users' queries can sometimes reveal user intent, and that there is value in advertising that is responsive to users' search queries, but Google lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first, second, third, and fifth sentences in Paragraph 103 of the Amended Complaint, which concern unspecified third parties' opinions and beliefs, and denies the allegations on that basis.  As to the allegations in the fourth sentence in this paragraph, Google admits that Joshua Lowcock provided the quoted trial testimony in the context of the lawsuit captioned *United States of America et al. v. Google LLC*, No. 1:20-03010 (D.D.C.) and the allegations and claims asserted therein, but denies the remainder of Yelp's allegations, including those characterizing the substance of that testimony.

104.    Google admits the existence of the document linked in footnote 36 to Paragraph 104 of the Amended Complaint but denies the remainder of Yelp's allegations in this paragraph, including those characterizing the substance of that document.

105.    The allegations in the first sentence in Paragraph 105 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  As to the remaining allegations in this paragraph, Google admits that the document linked in footnote 37 contains the language quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of that document.

106. Google denies the allegations in the first sentence in Paragraph 106 of the Amended Complaint. As to the remaining allegations in this paragraph, Google admits that the webpages linked in footnotes 38, 39, and 40 contain the language quoted in the footnotes and that the language was accurate as of August 14, 2024. Google denies the remainder of Yelp's allegations, including those further characterizing the substance of those webpages.

107. Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107 of the Amended Complaint, which concern unspecified third parties' opinions and beliefs, and denies the allegations on that basis.

108. The allegations in the first sentence in Paragraph 108 of the Amended Complaint are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations. The remaining allegations are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations.

109. The allegations in the first sentence of Paragraph 109 of the Amended Complaint are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations. Google denies the allegations in the second sentence of this paragraph.

110. Google denies the allegations in Paragraph 110 of the Amended Complaint.

111. To the extent the allegations in Paragraph 111 of the Amended Complaint purport to describe Yelp's understanding of Google's market share in Yelp's proposed market, Google lacks information sufficient to form a belief as to the truth or falsity of the allegations concerning Yelp's "understand[ing] and belie[fs]," and denies them on that basis.

112. The allegations in Paragraph 112 of the Amended Complaint are premised on a response to a query Yelp's counsel entered into Google's artificial intelligence chatbot before filing this lawsuit, and therefore are not subject to admission or denial. To the extent a response is required, Google denies the allegations.

113. Google denies the allegations in the first, second, third, and sixth sentences of Paragraph 113 of the Amended Complaint. As to the fourth sentence in this paragraph, Google admits

that Jerry Dischler provided trial testimony in the context of the lawsuit captioned *United States of America et al. v. Google LLC*, No. 1:20-03010 (D.D.C.) and the allegations and claims asserted therein, but denies the remainder of Yelp's allegations, including those characterizing the substance of that testimony.  As to the fifth sentence in this paragraph, Google admits that its year-over-year search advertising revenue has increased, but otherwise denies the allegations.

114.    Google denies the allegations in Paragraph 114 of the Amended Complaint.

115.    Google admits that, in 2004, it began offering certain search results designed to help users more easily find detailed information relating to local businesses.  Google otherwise denies the allegations in Paragraph 115 of the Amended Complaint.

116.    With respect to the first sentence in Paragraph 116 of the Amended Complaint, Google admits that, in 2004, there were a number of search providers, including Google, Yahoo!, City Search, and Yelp, that offered users search results organized around relevant entities with relevant locations.  The allegations in the second, third, and eighth sentences in this paragraph are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.  As to the allegations in the fourth, fifth, sixth, and seventh sentences in this paragraph, Google lacks information sufficient to form a belief as to the truth or falsity of the allegations, which concern Yelp's "investment[s] and innovation," and denies the allegations on that basis.  As for Figure 5, to the extent it purports to depict, construe, or describe Yelp's "market share," Google lacks information sufficient to form a belief as to the truth or falsity of the descriptions therein.  To the extent a response is required, Google denies that Figure 5 presents a fair and complete description of the matters therein and, on that basis, denies the allegations contained in Figure 5.  Google denies any remaining allegations in and the accuracy of Figure 5 and Paragraph 116 of the Amended Complaint.

117.    Google admits that, in 2005, it and Yelp signed a data licensing agreement.  Google denies the remainder of Yelp's allegations in the first and second sentences in Paragraph 117 of the Amended Complaint, including those characterizing the substance of the agreement.  As to the allegations in the third and fourth sentences in this paragraph, Google admits that the document cited

1  in footnotes 42 and 43 to this paragraph contains the language quoted but denies the remainder of

2  Yelp's allegations, including those characterizing the substance of that document.  With respect to the

3  allegations in the fifth sentence in this paragraph, Google admits that its data licensing agreement with

4  Yelp was not renewed, but otherwise denies the allegations.  Google lacks information sufficient to

5  form a belief as to the truth or falsity of the allegations in the sixth and seventh sentences in this

6  paragraph, which concern Yelp's opinions and beliefs, and denies the allegations on that basis.

7       118.    Google admits that it launched a review feature within Google Maps in 2007 but denies

8  the remaining allegations in the first sentence in Paragraph 118 of the Amended Complaint.  As to the

9  allegations in the second, third, and fourth sentences in this paragraph, Google admits that the

10  document cited in footnotes 44 and 45 contains the language quoted but denies the remainder of Yelp's

11  allegations, including those characterizing the substance of that document.

12       119.    Google admits the document cited in footnote 46 to Paragraph 119 of the Amended

13  Complaint contains the language quoted but denies the remainder of Yelp's allegations in the first

14  sentence in this paragraph, including those characterizing the substance of that document.  Google

15  denies the allegations in the second sentence in this paragraph.  As to the allegations in the third

16  sentence in this paragraph, Google admits the webpage linked in footnote 47 contains the language

17  quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of

18  that webpage.  As to the fourth sentence in this paragraph, Google admits that it did not acquire Yelp

19  in December 2009.  Google denies any remaining allegations in Paragraph 119 of the Amended

20  Complaint.

21       120.    Google admits the existence of the blog post cited in footnote 48 to the first sentence in

22  Paragraph 120 of the Amended Complaint, but denies the remaining allegations in the first sentence,

23  including because "related to location" is undefined, rendering the allegations vague as a matter of

24  law, and to the extent not vague, Google denies the allegations.  Google specifically denies that it

25  "faced continued pressure" "to keep revenues flowing to itself and away from any potential

26  competitors."  As to the allegations in the second and third sentences in this paragraph, Google admits

27  that "Google Places" was designed to organize all the relevant information on every place in the world

28

and display that information in rich details, like photos, reviews, and related websites. Google denies the allegations in the fourth and fifth sentences in Paragraph 120 of the Amended Complaint.

121.    Google denies the allegations in the first sentence in Paragraph 121 of the Amended Complaint. As to the allegations in the second and third sentences in this paragraph, Google admits the document cited in footnotes 49 and 50 contains the language quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of that document.

122.    Google denies the allegations in the first sentence in Paragraph 122 of the Amended Complaint. As to the allegations in the second sentence in this paragraph, Google admits that in 2010, Google introduced a new advertising feature on Google Places for businesses in certain cities, but otherwise denies the allegations.

123.    Google denies the allegations in Paragraph 123 of the Amended Complaint.

124.    Google admits that investigations were conducted by the Federal Trade Commission in 2011 and that the document cited in footnote 51 to Paragraph 124 of the Amended Complaint contains the language quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of the quoted document.

125.    Google admits that the document cited in footnotes 52-55 to Paragraph 125 of the Amended Complaint contains the language quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of that document. Google denies any remaining allegations in Paragraph 125 of the Amended Complaint.

126.    Google admits that the document cited in footnotes 56-58 to Paragraph 126 of the Amended Complaint contains the language quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of that document. Google denies any remaining allegations in Paragraph 126 of the Amended Complaint.

127.    Google admits the Federal Trade Commission closed its investigation of Google's business practices in 2013 and took no action with regard to the allegations of "self-preferencing." Google further admits that it made certain commitments as set forth in Google's public statement, available                    at                    https://www.ftc.gov/system/files/documents/closing_letters/google-

inc./130103googleletterchairmanleibowitz.pdf.  Google further admits the existence of the document cited in footnote 58 to this paragraph but denies the remainder of Yelp's allegations, including those characterizing the substance of that document.  Google denies any remaining allegations in Paragraph 127 of the Amended Complaint.

128.    Google denies the allegations in Paragraph 128 of the Amended Complaint.

129.    Google denies the allegations in the first sentence of Paragraph 129 of the Amended Complaint.  As to the remaining allegations in this paragraph, Google admits that its search products and services, including Google Search, use complex algorithms that are routinely updated and revised to improve user experience.  Google further admits that it takes steps to maintain the confidentiality of its algorithms to protect its intellectual property and ensure the best experience for its users.  Google further admits that the launch referred to in this paragraph as "Pigeon" placed a stronger emphasis on location and distance in determining search rankings.  Google further admits that the webpages linked in footnotes 60 and 61 to Paragraph 129 contain the language quoted in this paragraph but denies the remainder of Yelp's allegations, including those characterizing the substance of those webpages.  Google otherwise denies the allegations in Paragraph 129 of the Amended Complaint.

130.    Google denies the allegations in Paragraph 130 of the Amended Complaint.

131.    Google admits that on or around March 16, 2015, it announced a quality update for Google Search that referenced "doorway pages."  Google otherwise denies the allegations in the first, second, and fourth sentences in Paragraph 131 of the Amended Complaint.  Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence in this paragraph, which concerns Yelp's "year-over-year traffic," and denies the allegations on that basis.

132.    Google admits that its search products and services, including Google Search, use complex algorithms that are routinely updated and revised to improve user experience.  Google further admits that the launch referred to in this paragraph as "Possum" introduced an update to improve its search results that serve local information needs.  Google further admits that the webpages linked in footnotes 63-65 to Paragraph 132 of the Amended Complaint contain the language quoted in this

paragraph but denies the remainder of Yelp's allegations, including those characterizing the substance of those webpages. Google otherwise denies the allegations in this paragraph.

133. Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in the first and third sentences in Paragraph 133 of the Amended Complaint, which concern the traffic received by Yelp and "other local search providers," and denies the allegations on that basis. Google denies the allegations in the second and fourth sentences in this paragraph.

134. Google denies the allegations in the first sentence in Paragraph 134 of the Amended Complaint. Google lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, which concern what Yelp "learned," "investigated," "found," and "searched," and denies the allegations on that basis.

135. Google denies the allegations in Paragraph 135 of the Amended Complaint.

136. Google admits that it launched an update in November 2019, which Yelp refers to as "Bedlam," to improve the relevance of its search results. Google further admits that the webpage linked in footnote 66 to Paragraph 136 of the Amended Complaint contains the language quoted in this paragraph but denies the remainder of Yelp's allegations, including those characterizing the substance of those webpages. Google denies any remaining allegations in this paragraph.

137. Google admits that it launched a change to the design of its search results pages on desktop that placed the map to the right side of the results listed within the local unit. Google further admits the existence of the webpage linked in footnote 67 to this paragraph but denies the remainder of Yelp's allegations, including those characterizing the substance of that webpage. To the extent Figures 6 and 7 purport to depict, construe, or describe portions of Google's search results pages, no response is required. To the extent a response is required, Google denies that Figures 6 and 7 present a fair and complete representation of Google's search results pages, on that basis, denies the allegations contained in Figures 6 and 7. Google denies any remaining allegations in and the accuracy of Figures 6 and 7 and Paragraph 137 of the Amended Complaint.

138. With respect to the first sentence in Paragraph 138 of the Amended Complaint, Google admits that it began displaying AI Overviews to users across the U.S. in May 2024. Google further

- 28 -

admits that AI Overviews may be displayed at the top of search results pages when Google determines it is useful and responsive to certain user queries, but otherwise denies the allegations in the second and third sentences in this paragraph. As to footnote 68 to this paragraph, Google admits the existence of the linked webpage but denies the remainder of Yelp's allegations, including those characterizing the substance of the webpage.

139. To the extent Yelp's allegations in Paragraph 139 of the Amended Complaint purport to describe or characterize public data sources, no response is required. To the extent a response is required, Google admits that Google Search uses complex algorithms that are routinely updated and revised to improve user experience. Google further admits the existence of the webpage linked in footnotes 69 and 70 to Paragraph 139 of the Amended Complaint but denies the remainder of Yelp's allegations, including those characterizing the substance of that webpage. Google otherwise denies the allegations in this paragraph.

140. To the extent Yelp's allegations in Paragraph 140 of the Amended Complaint purport to describe or characterize public data sources, no response is required. To the extent a response is required, Google admits the existence of the webpage linked in footnotes 71 and 72 to Paragraph 140 of the Amended Complaint, and that the webpage contains the language quoted in this paragraph but denies the remainder of Yelp's allegations, including those characterizing the substance of that webpage. As to Figure 8, Google admits the webpage linked in footnotes 71 and 72 to Paragraph 140 of the Amended Complaint contains the Figure but denies that Figure 8 presents a fair and complete description of the matters therein and, on that basis, denies the allegations contained in Figure 8. Google denies any remaining allegations in and the accuracy of Figure 8 and Paragraph 140 of the Amended Complaint.

141. Google admits that it takes steps to maintain the confidentiality of its algorithms to protect its intellectual property and ensure the best experience for its users, but denies the remaining allegations in Paragraph 141 of the Amended Complaint.

142. Google denies the allegations in Paragraph 142 of the Amended Complaint.

1

2

143.    Google admits that investigations were conducted by the European Commission, but otherwise denies the allegations in Paragraph 143 of the Amended Complaint.

3

144.    Google denies the allegations in Paragraph 144 of the Amended Complaint.

4

5

6

7

8

145.    Google admits that investigations were conducted by the European Commission and that the webpage linked in footnote 73 to Paragraph 146 of the Amended Complaint contains the language quoted in this paragraph but denies the remainder of Yelp's allegations characterizing the substance of that webpage.  Google denies the remainder of Yelp's allegations in this paragraph, including those characterizing the substance of the European Commission's investigation.

9

10

11

12

146.    Google admits that investigations were conducted by the European Commission and that the webpage linked in footnote 73 to Paragraph 146 of the Amended Complaint contains the language quoted.  Google denies the remainder of Yelp's allegations, including those characterizing the substance of the European Commission's investigation.

13

14

15

16

17

147.    Google admits that the European Commission opened an investigation of Alphabet Inc. in 2024 and that the webpage linked in footnote 74 to Paragraph 147 of the Amended Complaint contains the language quoted but denies the remainder of Yelp's allegations, including those characterizing the substance of that webpage.  Google otherwise denies the allegations in this paragraph.

18

148.    Google denies the allegations in Paragraph 148 of the Amended Complaint.

19

20

21

22

149.    Google denies the allegations in the first and third sentences Paragraph 149 of the Amended Complaint.  To the extent the allegations in the second sentence in this paragraph purport to describe public data sources, no response is required.  To the extent a response is required, Google denies the allegations.

23

24

25

26

27

150.    Google denies the allegations in the first, fourth, fifth, and sixth sentences in Paragraph 150 of the Amended Complaint.  Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences, which concern "Yelp's reviews" and unspecified third parties' opinions and beliefs about Google's "reviews," and denies the allegations on that basis.  Google admits the existence of the webpage linked in footnote 75 to this paragraph but

28

denies Yelp's allegations characterizing the substance of that webpage. Google otherwise denies the allegations.

151.    Google admits that there are a number of metrics that may be used to assess the quality of "local search reviews," but otherwise denies the allegations in Paragraph 151 of the Amended Complaint.

152.    To the extent Yelp's allegations in Paragraph 152 of the Amended Complaint purport to describe or characterize public data sources, no response is required. To the extent a response is required, Google admits the existence of the document linked in footnote 76 to this paragraph, and that the document contains the language quoted in this paragraph, but denies the remainder of Yelp's allegations, including those characterizing the substance of the document. Google denies any remaining allegations in this paragraph.

153.    Google denies the allegations in Paragraph 153 of the Amended Complaint.

154.    Google denies the allegations in Paragraph 154 of the Amended Complaint.

155.    Google denies the allegations in the first sentence in Paragraph 155 of the Amended Complaint. As to the allegations in the second sentence, Google admits that users agree to Google's Terms of Service when they choose to use Google services such as Google Search and Google Maps, but otherwise denies the allegations. As to the allegations in the third and fourth sentences, Google admits that its Terms of Service for Google Search is linked in footnotes 77 and 78 to Paragraph 155 of the Amended Complaint, and that those terms contain the language quoted in this paragraph, but denies the remainder of Yelp's allegations, including those characterizing the substance of the Terms of Service.

156.    Google denies the allegations in Paragraph 156 of the Amended Complaint. As to Figure 9, to the extent the Figure purports to depict, construe, or describe portions of Google's search results pages, no response is required. To the extent a response is required, Google denies that Figure 9 represents a fair and complete representation of Google's search results page, on that basis, denies the allegations contained in and characterizing Figure 9. Google denies any remaining allegations in and the accuracy of Figure 9 and Paragraph 156 of the Amended Complaint.

157.    Google admits that users can click on the links displayed on its search results pages. Google denies the remaining allegations in Paragraph 157 of the Amended Complaint.

158.    Google denies the allegations in Paragraph 158 of the Amended Complaint.

159.    Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in the third and fourth sentences in Paragraph 159 of the Amended Complaint, which concern unspecified third parties' conduct, opinions, and beliefs, and denies those allegations on that basis.  Google otherwise denies the allegations in this paragraph.

160.    Google denies the allegations in the first and third sentences in Paragraph 160 of the Amended Complaint.  As to the allegations in the second sentence, Google admits that Larry Page and Sergey Brin published a paper in 1998 titled "The Anatomy of a Large-Scale Hypertextual Web Search Engine" that contains the language quoted in Paragraph 160 of the Amended Complaint but denies the remainder of Yelp's allegations, including those characterizing the substance of that paper.

161.    Google denies the allegations in the first sentence in Paragraph 161 of the Amended Complaint.  As to the allegations in the second, third, and fourth sentences in this paragraph, Google admits that advertisers purchase advertisements that are delivered to users in response to user search queries, that users' queries can sometimes reveal their intent, and that there is value in advertising that is responsive to users' search queries.  Google otherwise lacks information sufficient to form a belief as to the truth or falsity of those allegations, which concern unspecified third parties' opinions and beliefs, and denies the allegations on that basis.

162.    Google admits the document cited in footnote 79 to Paragraph 162 of the Amended Complaint contains the language quoted in this paragraph but denies the remainder of Yelp's allegations, including those characterizing the substance of that document.  Google otherwise denies the allegations in this paragraph.

163.    Google lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163 of the Amended Complaint, which concern Yelp's advertising practices and revenue, and denies the allegations on that basis.

1    164.    Google admits that its results pages may return different categories of search results in

2    different formats, depending on their relevance to the query entered, but otherwise denies the

3    allegations in Paragraph 164 of the Amended Complaint.  As to Figure 10, to the extent the Figure

4    purports to depict, construe, or describe portions of Google's search results pages, no response is

5    required.  To the extent a response is required, Google denies that Figure 10 presents a fair and

6    complete representation of Google's search results pages and, on that basis, denies the allegations

7    contained in Figure 10.  Google denies any remaining allegations in and the accuracy of Figure 10 and

8    Paragraph 164 of the Amended Complaint.

9    165.    Google denies the allegations in Paragraph 165 of the Amended Complaint.

10    166.    Google denies the allegations in the first, second, and fourth sentences in Paragraph

11    166 of the Amended Complaint.  To the extent the allegations in the third sentence in this paragraph

12    purport to describe or characterize public data sources, no response is required.  To the extent a

13    response is required, Google admits the existence of the cited study but denies the remainder of Yelp's

14    allegations, including those characterizing the substance of the study.

15    167.    Google denies the allegations in the first sentence in Paragraph 167 of the Amended

16    Complaint.  As to the second sentence in this paragraph, Google admits the document cited in footnote

17    80 to this paragraph contains the language quoted but denies the remainder of Yelp's allegations,

18    including those characterizing the substance of that document.  Google otherwise denies the

19    allegations.

20    168.    Google denies the allegations in the first, fourth, fifth, and sixth sentences in Paragraph

21    168 of the Amended Complaint.  Google lacks information sufficient to form a belief as to the truth or

22    falsity of the allegations in the second and third sentences in this paragraph, which concern Yelp's

23    traffic, and denies the allegations on that basis.

24    169.    Google denies the allegations in the first, second, and third sentences in Paragraph 169

25    of the Amended Complaint.  Google lacks information sufficient to form a belief as to the truth or

26    falsity of the remaining allegations in this paragraph, which concern Yelp's traffic, and denies the

27    allegations on that basis.

28

170.    Google denies the allegations in Paragraph 170 of the Amended Complaint.

171.    Google admits that it is party to the lawsuit captioned *United States of America et al. v. Google LLC*, No. 1:20-cv-3010 (D.D.C.), which was filed on October 20, 2020. Google incorporates by reference its Answer to the DOJ Complaint, and in particular, its answer to the referenced allegations, and denies the other allegations in Paragraph 171 of the Amended Complaint, including the allegations characterizing the DOJ Complaint.

172.    Google admits that the Court in *United States of America et al. v. Google LLC*, No. 1:20-cv-3010 (D.D.C.) issued its liability decision on August 8, 2024 following a bench trial, that the court found, in the context of the allegations and claims asserted in that litigation, Google had monopoly power in the "general search services" and "general search text advertising" markets, and further that the distribution agreements at issue in that litigation were exclusive and had anticompetitive effects in violation of Section 2 of the Sherman Act. Google denies the remainder of Yelp's allegations.

173.    The allegations in Paragraph 173 of the Amended Complaint are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations.

174.    Google admits that Yelp purports to bring an antitrust action against Google, but denies the remaining allegations in Paragraph 174 of the Amended Complaint.

175.    Google denies the allegations in Paragraph 175 of the Amended Complaint.

176.    Google denies the allegations in Paragraph 176 of the Amended Complaint, including on the ground that "relate to local businesses" is undefined, rendering the allegations vague as a matter of law, and to the extent not vague, Google denies the allegations.

177.    Google denies the allegations in Paragraph 177 of the Amended Complaint.

178.    Google denies the allegations in Paragraph 178 of the Amended Complaint.

179.    The allegations in Paragraph 179 of the Amended Complaint are legal conclusions not subject to admission or denial. To the extent a response is required, Google admits that it provides a range of products and services that are marketed, distributed, and offered to consumers throughout the United States. Google denies any remaining allegations in this paragraph.

180.    The allegations in Paragraph 180 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.

181.    The allegations in Paragraph 181 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.

182.    The allegations in Paragraph 182 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.

183.    Google admits that it provides a range of products and services that are marketed, distributed, and offered to consumers throughout the United States.  Google otherwise denies the allegations in Paragraph 183 of the Amended Complaint.

184.    The allegations in Paragraph 184 of the Amended Complaint are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  In addition, Google lacks information sufficient to form a belief as to the truth or falsity of the allegations regarding the services Yelp markets and provides. To the extent a response is required, Google admits that it and Yelp provide a range of products and services that are marketed, distributed, and offered to consumers throughout the United States, but otherwise denies the allegations.

185.    The allegations in Paragraph 184 of the Amended Complaint are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  In addition, Google lacks information sufficient to form a belief as to the truth or falsity of the allegations regarding the services Yelp markets and provides.  To the extent a response is required, Google admits that it and Yelp provide a range of products and services that are marketed, distributed, and offered to consumers throughout the United States, but otherwise denies the allegations.

186.    Google denies the allegations in Paragraph 186 of the Amended Complaint, including on the ground that "agreements for providing general and local search services, and local search advertising" is undefined, rendering the allegations vague as a matter of law, and to the extent not vague, the allegations are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations.

GOOGLE LLC'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 5:24-cv-06101-SVK

187.    Google admits that it provides a range of products and services that are marketed, distributed, and offered to consumers throughout the United States.   Yelp's remaining allegations are premised on Yelp's proposed market definitions, which are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 187 of the Amended Complaint.

188.    Google denies the allegations in Paragraph 188 of the Amended Complaint.

189.    Google denies the allegations in Paragraph 189 of the Amended Complaint.

190.    Google denies the allegations in Paragraph 190 of the Amended Complaint.

191.    Paragraph 191 of the Amended Complaint merely incorporates the allegations made in prior and following paragraphs, and is therefore not subject to admission or denial.  To the extent a response is required, Google incorporates by reference its responses to the allegations in Paragraphs 1-190 of the Amended Complaint.

192.    The allegations in Paragraph 192 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

193.    The allegations in Paragraph 193 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

194.    The allegations in Paragraph 194 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

195.    The allegations in Paragraph 195 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

196.    The allegations in Paragraph 196 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

197.    The allegations in Paragraph 197 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

198.    The allegations in Paragraph 198 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

199.    The allegations in Paragraph 199 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

200.    Google admits that Yelp purports to seek equitable relief in the form of an injunction, but denies that Yelp is entitled to such relief.  Google denies any remaining allegations in Paragraph 200 of the Amended Complaint.

201.    Paragraph 201 of the Amended Complaint merely incorporates the allegations made in prior and following paragraphs, and is therefore not subject to admission or denial.  To the extent a response is required, Google incorporates by reference its responses to the allegations in Paragraphs 1-200 of the Amended Complaint.

202.    The allegations in Paragraph 202 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

203.    The allegations in Paragraph 203 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

204.    The allegations in Paragraph 204 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

205.    The allegations in Paragraph 205 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

206.    The allegations in Paragraph 206 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

207.    The allegations in Paragraph 207 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

208.    The allegations in Paragraph 208 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

209.    The allegations in Paragraph 209 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

210.    The allegations in Paragraph 210 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

211.    The allegations in Paragraph 211 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

212.    Google admits that Yelp purports to seek equitable relief in the form of an injunction but denies that Yelp is entitled to such relief.  Google denies any remaining allegations in Paragraph 212 of the Amended Complaint.

213.    Paragraph 213 of the Amended Complaint merely incorporates the allegations made in prior and following paragraphs, and is therefore not subject to admission or denial.  To the extent a

- 38 -

response is required, Google incorporates by reference its responses to the allegations in Paragraphs 1-212 of the Amended Complaint.

214.    The allegations in Paragraph 214 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

215.    The allegations in Paragraph 215 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

216.    The allegations in Paragraph 216 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

217.    The allegations in Paragraph 217 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

218.    The allegations in Paragraph 218 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

219.    The allegations in Paragraph 219 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

220.    The allegations in Paragraph 220 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

221.    The allegations in Paragraph 221 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

222.    The allegations in Paragraph 222 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

223.    The allegations in Paragraph 223 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

224.    Google admits that Yelp purports to seek equitable relief in the form of an injunction but denies that Yelp is entitled to such relief.  Google denies any remaining allegations in Paragraph 224 of the Amended Complaint.

225.    Paragraph 225 of the Amended Complaint merely incorporates the allegations made in prior and following paragraphs, and is therefore not subject to admission or denial.  To the extent a response is required, Google incorporates by reference its responses to the allegations in Paragraphs 1-224 of the Amended Complaint.

226.    The allegations in Paragraph 226 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

227.    The allegations in Paragraph 227 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

228.    The allegations in Paragraph 228 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

229.    The allegations in Paragraph 229 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

230.    The allegations in Paragraph 230 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

231.    The allegations in Paragraph 231 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

232.    The allegations in Paragraph 232 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

233.    The allegations in Paragraph 233 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

234.    The allegations in Paragraph 234 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

235.    The allegations in Paragraph 235 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

236.    Google admits that Yelp purports to seek equitable relief in the form of an injunction but denies that Yelp is entitled to such relief.  Google denies any remaining allegations in Paragraph 236 of the Amended Complaint.

237.    Paragraph 237 of the Amended Complaint merely incorporates the allegations made in prior and following paragraphs, and is therefore not subject to admission or denial.  To the extent a response is required, Google incorporates by reference its responses to the allegations in Paragraphs 1-236 of the Amended Complaint.

238.    The allegations in Paragraph 238 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

239.    The allegations in Paragraph 239 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

240.    The allegations in Paragraph 240 of the Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

241.    Google admits that Yelp purports to seek injunctive relief and restitution but denies that Yelp is entitled to such relief.  Google denies any remaining allegations in Paragraph 241 of the Amended Complaint.

242.    To the extent an answer is required as to the Prayer for Relief, Google denies the allegations contained therein.  Google further states that Yelp is not entitled to any remedies sought in the Amended Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Google asserts the following defenses to the Amended Complaint.  Further, Google reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### First Defense

Any and all of Google's actions alleged by Yelp were lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitute bona fide competitive activity.

### Second Defense

The relief sought by Yelp, which would impede Google's ability to provide users with the most useful and helpful information to satisfy their information needs, would be contrary to the public interest, harm consumers, and is otherwise inequitable, impractical, and unworkable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Third Defense

Yelp's claims are barred in whole or in part by the applicable statutes of limitation and/or the doctrines of laches, waiver, and/or estoppel. As explained in Google's dismissal briefing, *see* ECF Nos. 24, 36, 42, 45, 53, 55, Yelp's allegations of injury date back to at least 2007, and so Yelp's claims in this case—which are subject to a four-year statute of limitations—are expired. Google is severely prejudiced by Yelp's inexcusable delay given the dated allegations. Google did not commit any act, such as a continuing violation, that could render this defense inapplicable.

### Fourth Defense

Yelp's claims are barred to the extent they seek to restrain or enjoin conduct that is protected under the First Amendment to the United States Constitution, including Google's editorial decisions about which content to display on its search results pages, and how content will be ordered, organized, and displayed on Google's search results pages.

### Fifth Defense

Yelp's claims are barred in whole or in part because Yelp failed to make reasonable efforts to mitigate damages, if any, allegedly suffered as a result of the conduct it alleges. Yelp could have, but did not, take steps to resolve its complaints and/or bring legal action sooner to seek the injunctive relief it now seeks, and thereby mitigated the damages it claims to have suffered in the interim. Furthermore, to the extent Yelp alleges that it lost user traffic as a result of Google's alleged conduct, *see, e.g.*, ¶¶ 12, 44, 165, Yelp could have sought out alternative avenues for increasing user traffic, including by improving the quality of its services and/or promoting its products to users other than through Google's search results.

\*      \*      \*

Google reserves the right to supplement its Answer and affirmative defenses with additional defenses that become available or apparent in the course of investigation, preparation, and/or discovery, and to amend its Answer accordingly.

### PRAYER FOR RELIEF

WHEREFORE, Google prays for relief as follows:

- 43 -

1    (a) That the Court enter judgment for Google on all claims in the Amended Complaint;

2    (b) That Google be awarded its attorneys' fees and costs and expenses of the suit; and

3    (c) That the Court award such other and further relief to Google as the Court deems just

4        and proper.

5

6    DATED: November 12, 2025              By: */s/ John E. Schmidtlein*
                                          John E. Schmidtlein
7                                         Benjamin M. Greenblum (*pro hac vice*)
                                          WILLIAMS & CONNOLLY LLP
8                                         680 Maine Avenue SW
                                          Washington, DC 20024
9                                         Tel: 202-434-5000
                                          jschmidtlein@wc.com
10                                        bgreenblum@wc.com

11                                        Amit Gressel
                                          WILSON SONSINI GOODRICH & ROSATI P.C.
12                                        One Market Plaza, Spear Tower, Suite 3300
                                          San Francisco, CA 94105-1126
13                                        Tel: 415-947-2087
                                          agressel@wsgr.com
14

15                                        Franklin M. Rubinstein (*pro hac vice*)
                                          WILSON SONSINI GOODRICH & ROSATI P.C.
16                                        1700 K Street NW
                                          Washington, DC 20006
17                                        Tel: 202-973-8800
                                          frubinstein@wsgr.com
18

19                                        *Attorneys for Defendant Google LLC*

20

21

22

23

24

25

26

27

28
                                        - 44 -