# Exhibit  B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELP INC., | Case No. 24-cv-06101-SVK |
| Plaintiff, | |
| v. | PROPOSED PROTECTIVE ORDER |
| GOOGLE LLC, | |
| Defendant. | |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section ~~12.3~~13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

Civil Procedure 26(c).

2.3    "HIGHLY CONFIDENTIAL" Information or Items: extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or Non-Party would create a substantial risk of causing the Producing Party to suffer a significant competitive or commercial disadvantage.

2.4    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4̶5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5̶6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained ~~(including, among other things, testimony, transcripts, and tangible things),~~ that are produced or generated in disclosures or responses to discovery in this matter~~.~~ (including, among other things, testimony, transcripts, and tangible things, expert reports, declarations, affidavits, video, and all copies, extracts, summaries, compilations, presentations by Parties or counsel to or in court, designations, and portions thereof).

2.6̶7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7̶    2.8    In House Litigation Counsel: attorneys who are members in good standing of at least one state bar, who are employees of a ~~party to~~ Party, who have responsibility for managing this action, and to whom disclosure is reasonably necessary. In House Litigation Counsel cannot have any responsibility for competitive or commercial decision-making. In House Litigation Counsel does not include Outside Counsel of Record or any other outside counsel. Each Party may designate up to two In House Litigation Counsel, who shall provide affidavits affirming that they do not have responsibility for competitive or commercial decision-making and agree to abide by this Order.]

2.8̶9    Non-Party: any natural person, partnership, corporation, association, or other legal

1    entity not named as a Party to this action.

2          2.9~~10~~  Outside Counsel of Record: attorneys who are not employees of a party to this action

3    but are retained to represent or advise a party to this action and have appeared in this action on

4    behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

5          2.~~10~~11  Party: any party to this action, including all of its officers, directors, employees,

6    consultants, retained experts, and Outside Counsel of Record (and their support staffs)..

7          2.~~11~~12  Producing Party: a Party or Non-Party that produces Disclosure or Discovery

8    Material in this action.

9          2.~~12~~13  Professional Vendors: persons or entities that provide litigation support services

10   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

11   storing, or retrieving data in any form or medium) and professional jury or trial consultants), and

12   their employees and subcontractors, who have been retained by a Party or its counsel to provide

13   litigation support services with respect to this action

14         2.~~13~~14  Protected Material: any Disclosure or Discovery Material that is designated as

15   "CONFIDENTIAL.~~"~~ or "HIGHLY CONFIDENTIAL."

16         2.~~14~~15  Receiving Party: a Party that receives Disclosure or Discovery Material from a

17   Producing Party.

18   3.    ~~3.~~    SCOPE

19         The protections conferred by this Stipulation and Order cover not only Protected Material (as

20   defined above), but also (1) any information copied or extracted from Protected Material; (2) all

21   copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

22   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

23   However, the protections conferred by this Stipulation and Order do not cover the following

24   information: (a) any information that is in the public domain at the time of disclosure to a Receiving

25   Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

26   publication not involving a violation of this Order, including becoming part of the public record

27   through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure

28   or obtained by the Receiving Party after the disclosure from a source who obtained the information

3

lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. ~~The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.~~

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of ~~s~~Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

4

1   Designation in conformity with this Order requires:

2   (a) For information in documentary form (e.g., paper or electronic documents, but excluding

3   transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

4   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected

5   material. If only a portion or portions of the material on a page qualifies for protection, the Producing

6   Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in

7   the margins).

8   Native Documents.  For Discovery Material produced in native format, the Producing Party

9   shall include a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, as appropriate,

10  in the file name.

11  A Party or Non-Party that makes original documents or materials available for inspection

12  need not designate them for protection until after the inspecting Party has indicated which material

13  it would like copied and produced. During the inspection and before the designation, all of the

14  material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the

15  inspecting Party has identified the documents it wants copied and produced, the Producing Party

16  must determine which documents, or portions thereof, qualify for protection under this Order. Then,

17  before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL"

18  or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a

19  portion or portions of the material on a page qualifies for protection, the Producing Party also must

20  clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

21  (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

22  Designating Party when practical identify on the record, before the close of the deposition, hearing,

23  or other proceeding, all protected testimony.  and specify the level of protection being asserted.

24  When it is impractical to identify separately each portion of testimony that is entitled to protection

25  and it appears that substantial portions of the testimony may qualify for protection, the Designating

26  Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a

27  right to have up to 21 days to identify the specific portions of the testimony as to which protection

28  is sought and to specify the level of protection being asserted. Only those portions of the testimony

5

that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Depositions will presumptively require the disclosure of Protected Material, so each Party and/or Non-Party shall ensure that all individuals participating on its behalf are authorized to review information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the Designating Party.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s)." or "HIGHLY CONFIDENTIAL."

5.3    Inadvertent Failures to Designate. If timely corrected by written notice upon discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order destroy all mismarked versions of materials and use the appropriately marked versions instead.

If at any time prior to trial of this action a Party realizes that previously produced Disclosure or Discovery Material should be upward designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Party may so designate by advising all other Parties in writing and by producing replacement documents or material with the appropriate designation as described above. The designated documents or material will thereafter be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, pursuant to this Order. Upon receipt of such designation in writing and reproduction of material with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend, the Parties and other persons subject to this Order shall take reasonable and appropriate steps to notify any and all recipients of the Disclosure or Discovery Material about the protected status of the newly designated Material, and to retrieve the newly designated Material from any person who is not permitted by this Order to have "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items.

5.4    Designation By Parties Other Than The Producing Party. In the event that any material that a Party believes in good faith should be designated with a more protective designation than as produced or disclosed by a Producing Party (e.g., "HIGHLY CONFIDENTIAL" where the Producing Party has designated it "CONFIDENTIAL," or "CONFIDENTIAL" where the Producing Party has not provided a designation), any Party (the "Noticing Party") may give written notice of what it believes to be the appropriate designation to the Producing Party and all other Parties within thirty (30) days of discovery of the allegedly insufficient designation (or as otherwise agreed by the Parties), together with a copy of the subject material with what it believes to be the appropriate confidentiality designation. Upon receipt of such notice, the Parties shall comply with the Noticing Party's proposed designation, and upon receipt of replacement material from the Producing Party with such designation, the Parties shall destroy or replace all copies of such undesignated or under-designated Producing Party material in their custody or possession with the replacement material, including notes and extracts thereof (except that Outside Counsel of Record may retain their notes and extracts), and make no further disclosure of such undesignated material except as allowed under this Order. To the extent any undesignated or underdesignated materials have been shared with individuals who are no longer authorized to view them, the Parties shall meet and confer in good

faith about the process for returning or destroying the undesignated or underdesignated materials, such as by (1) having the non-Noticing Party provide the Noticing Party with the identity of those individuals so that the Noticing Party may take additional steps to recover any undesignated or underdesignated materials, or (2) having the non-Noticing party (i) take reasonable steps to notify any persons who were provided copies of such undesignated material of the terms of this Order; and (ii) take reasonable steps to reclaim any such undesignated or under-designated material, and notes and extracts thereof, in the possession of any person not permitted access to such information under the terms of this Order.  Nothing herein shall prevent a Party from contesting a Producing Party's or Noticing Party's requested confidentiality designations pursuant to Section 6 below.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice, absent other agreement. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that

8

1    the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

2         6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court

3    intervention, ~~the Designating Party shall file and serve a motion to retain confidentiality under Civil~~

4    ~~Local Rule 7~~they must jointly submit the dispute in accordance with Judge van Keulen's Civil and

5    Discovery referral Matters Standing Order (and in compliance with Civil Local Rule 79-5, if

6    applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing

7    that the meet and confer process will not resolve their dispute, whichever is earlier. Each such

8    ~~motion~~joint submission must ~~be accompanied by a competent declaration affirming~~affirm that the

9    ~~movant has~~Parties have complied with the meet and confer requirements imposed in the preceding

10    paragraph. Failure by the Designating Party to make such a ~~motion~~joint submission including the

11    required declaration within 21 days (or 14 days, if applicable) shall automatically waive the

12    confidentiality designation for each challenged designation. In addition, the Challenging Party may

13    file a motion challenging a confidentiality designation at any time if there is good cause for doing

14    so, including a challenge to the designation of a deposition transcript or any portions thereof. Any

15    motion brought pursuant to this provision must be accompanied by a competent declaration

16    affirming that the movant has complied with the meet and confer requirements imposed by the

17    preceding paragraph.

18         The burden of persuasion in any such challenge proceeding shall be on the Designating

19    Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

20    unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

21    Unless the Designating Party has waived the confidentiality designation by failing to ~~file~~timely join

22    a ~~motion to retain confidentiality~~joint submission as described above, all parties shall continue to

23    afford the material in question the level of protection to which it is entitled under the

24    ~~Producing~~Designating Party's designation until the court rules on the challenge.

25    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

26         7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

27    produced by another Party or by a Non-Party in connection with this case only for prosecuting,

28    defending, or attempting to settle this litigation~~.~~, and such Protected Material shall not be used for

any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of ~~section 13~~Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action and contract attorneys, if any, hired by Outside Counsel to perform document review functions on behalf of and at the direction of Outside Counsel, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation ~~and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A~~;

(b) officers, directors, and employees (including In House Litigation Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A~~).;~~);]

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel and any mediator or settlement officer, and their supporting personnel, as mutually agreed upon by the Parties;

(e) ~~court~~stenographic reporters, videographers, and/or their staff, ~~professional jury or trial consultants, mock jurors~~, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(~~f~~(f) the author or recipient of a document containing the information or a custodian or other

person who counsel reasonably believes to have possessed, known, or had access to the information; and

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, the Receiving Party must provide notice sufficient to allow the Designating Party to object ahead of the deposition, except that, where the witness is a current or former employee of the Designating Party, opportunity to object at the deposition will suffice. For the avoidance of doubt, subject to objection by the Designating Party at the deposition, any party can show a witness a document designated "CONFIDENTIAL" by the Designating Party so long as the witness is currently employed by the Designating Party or was once employed by the Designating Party. If a good faith objection is lodged by the Designating Party and the parties are unable to resolve the objection at the deposition, the Receiving Party shall not use the objected-to document at the deposition until and unless the Court has resolved the objection against the Designating Party.

7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action and contract attorneys, if any, hired by Outside Counsel to perform document review functions on behalf of and at the direction of Outside Counsel, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information;

(b) Experts (and staff thereof) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise );

(c) In-House Counsel appropriately designated under this Order;]

(d) the court and its personnel and any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties;

(e) stenographic reporters, videographers, and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who counsel reasonably believes to have possessed, personally known, or had access to the information; and

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party ~~or~~ objects to such disclosure or except as otherwise ordered by the ~~court.~~Court.  Before making such a disclosure, Receiving Party must provide notice sufficient to allow the Designating Party to object.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.  Any Receiving Party intending to use "HIGHLY CONFIDENTIAL" Information at the deposition of an individual who is not otherwise listed in subsections 7.3(a)-(e) of this paragraph shall provide written notice to the Designating Party identifying (by Bates number or other individually identifiable information) the "HIGHLY CONFIDENTIAL" Information no later than two (2) business day before the intended disclosure. After receiving the notice, the Designating Party shall not disclose the notice or the information proposed to be disclosed to any other Party or Non-Party (including the witness to whom the disclosure is proposed).

~~1.     (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.~~

~~8~~Should the parties, after meeting and conferring, disagree that the proposed disclosure is reasonably necessary, the "HIGHLY CONFIDENTIAL" Information shall not be disclosed to the witness unless and until the Court orders such disclosure, and the Parties shall jointly raise any dispute within 7 days of reaching impasse. The portions of the deposition transcript pertaining to such "HIGHLY CONFIDENTIAL" information shall automatically be deemed designated as "HIGHLY CONFIDENTIAL" (and any such "HIGHLY CONFIDENTIAL" information marked as

1    an exhibit during a deposition shall continue to be designated as "HIGHLY CONFIDENTIAL").

2    9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

3    LITIGATION

4        If a Party is served with a subpoena or a court order issued in other litigation that compels

5    disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

6    CONFIDENTIAL," that Party must:

7        (a) promptly notify in writing the Designating Party. Such notification shall include a copy of

8        the

9    subpoena or court order;

10        (b) promptly notify in writing the party who caused the subpoena or order to issue in the other

11    litigation that some or all of the material covered by the subpoena or order is subject to this Protective

12    Order. Such notification shall include a copy of this Stipulated Protective Order; and

13        (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating

14    Party whose Protected Material may be affected.

15        If the Designating Party timely seeks a protective order, the Party served with the subpoena or

16    court order shall not produce any information designated in this action as "CONFIDENTIAL" or

17    "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order

18    issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall

19    bear the burden and expense of seeking protection in that court of its confidential material – and

20    nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in

21    this action to disobey a lawful directive from another court.

22    910.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

23    LITIGATION

24        (a) The terms of this Order are applicable to information produced by a Non-Party in this

25    action and designated as "CONFIDENTIAL." or "HIGHLY CONFIDENTIAL." Such information

26    produced by Non-Parties in connection with this litigation is protected by the remedies and relief

27    provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party

28    from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

~~10~~11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

_____If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

~~11.    INADVERTENT~~  If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security,

14

including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice to Designating Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

12.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Consistent with Federal Rule of Evidence 502, if a Party or Non-Party notifies any other Party that it disclosed Disclosure or Discovery Material that is protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity, or the Receiving Party discovers such disclosure, the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any other material or information relating thereto or on the same or related subject matter.

This paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Privileged Documents.  The Disclosing Party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work product protection over disclosed communications, information, and documents.

However, if the Producing Party attempts to claw back more than 100 documents in a seven day period, then the Receiving Party shall have 30 days to provide such certification. Any party providing a Clawback Notice to another that it has disclosed Disclosure or Discovery Material that is protected from disclosure under any of the privileged discussed in this paragraph must include, to the extent not already provided, within or simultaneously with such Clawback Notice sufficient information for the Receiving Party to evaluate the privilege claim(s) asserted, per Rule 26(b)(5) of the Federal Rules of Civil Procedure.

If the Receiving Party intends to challenge the claw back of the Disclosure or Discovery Material, then the receiving Party may instead sequester the material during the pendency of the challenge ("Clawback Challenge"). The Receiving Party must inform the Producing Party of its intent to issue a Clawback Challenge within 5 days of receiving the Clawback Notice, provided

15

however that it the Producing Party attempts to claw back more than 100 documents in a seven day period, then the Receiving Party shall have 30 days to notify the Producing Party of its Clawback Challenge. If, after meeting and conferring, the Parties reach impasse, the Receiving Party may move the Court for an order allowing use of the Disclosure or Discovery Material in the Action, but further provided that the Receiving Party may not argue that the disclosure to the Receiving Party waived the privilege or immunity.

Notwithstanding the foregoing, the Parties agree that any Disclosure or Discovery Material shall not be eligible to be clawed back if:

(a) the Disclosure or Discovery Material is used by any Receiving Party or Non-Party in a deposition or hearing in this Action, and the Producing Party does not claw back the information within five (5) business days of the deposition or hearing;

(b) the Disclosure or Discovery Material is specifically referred to in the body of an expert report or a court filing served by any Receiving Party or Non-Party in this litigation (with the exception of a motion to determine the existence of any privilege filed under seal), and the Producing Party fails to claw back the information within thirty (30) calendar days of its receipt of the report or court filing; or

(c) the Producing Party affirmatively uses the Disclosure or Discovery material in a deposition, hearing, or court filing before attempting to claw it back.

B.  13.  ~~When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.~~

12.  MISCELLANEOUS

12 13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

16

1213.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.313.3      Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Each party receiving Protected Material shall comply with all applicable export control statutes and regulations. See, e.g., 15 C.F.R. § 734, et. seq. No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited, except that Outside Counsel of Record in this action may view Protected Material remotely while working abroad if reasonably necessary for this action, except that Outside Counsel of Record shall not view Protected Material in any of the following countries:  China, Russia, Romania, Iran, Nigeria, North Korea, Ukraine, Island of Seychelles, Serbia, Estonia, Hong Kong, Yemen, or Macao. Notwithstanding this prohibition, Protected Material, to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

13.4      <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected

1  Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

2  pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

3  to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected

4  Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under

5  the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local

6  Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public

7  record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

8        13.5    Data Security. Any person in possession of Protected Material will maintain

9  appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the

10  security and privacy of Protected Material. The Safeguards will meet or exceed relevant industry

11  standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely

12  to personnel and purposes authorized by this Order. As part of these Safeguards, each person will

13  use a secure transfer method for all transfers or communication of Protected Material, and take

14  reasonable measures to password protect and encrypt Protected Material. Each person will ensure

15  that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides

16  equivalent or greater protections for the security and privacy of Protected Material. If Protected

17  Material is to be used during a deposition, the Designating Party shall specify the technology, if any,

18  to be used to conduct the deposition with respect to that Protected Material at least seven (7) days

19  before the deposition so that the parties can confer to ensure the protection of the Protected Material,

20  provided however that, to the extent the Parties agree on a deposition vendor, this disclosure is not

21  necessary.

22        13.6    Advice to Client. Nothing in this Order will bar or otherwise restrict

23  Counsel from rendering advice to his or her client with respect to this matter or from generally

24  referring to or relying upon "Confidential" or "Highly Confidential" material in rendering such

25  advice.]

26  14.    FINAL DISPOSITION

27      ~~13.    FINAL DISPOSITION~~

28  Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.    INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____    _____

Attorney for Plaintiff

19

DATED: _____ _____

Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____ _____

United States ~~District/~~Magistrate Judge

1

2

**EXHIBIT A**

3

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

4

I, _____ [print or type full name], of _____ [print or

5

type full address], declare under penalty of perjury that I have read in its entirety and understand the

6

Stipulated Protective Order that was issued by the United States District Court for the Northern

7

District of California on [date] in the case of ~~_____ [insert formal name of the case and the~~

8

~~number and initials assigned to it by the court].~~ _Yelp Inc., v. Google LLC_, No. 24-cv-06101-SVK.

9

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

10

understand and acknowledge that failure to so comply could expose me to sanctions and punishment

11

in the nature of contempt. I solemnly promise that I will not disclose in any manner any information

12

or item that is subject to this Stipulated Protective Order to any person or entity except in strict

13

compliance with the provisions of this Order.

14

I further agree to submit to the jurisdiction of the United States District Court for the Northern

15

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

16

if such enforcement proceedings occur after termination of this action.

17

I hereby appoint _____ [print or type full name] of

18

_____ [print or type full address and telephone number] as

19

my California agent for service of process in connection with this action or any proceedings related

20

to enforcement of this Stipulated Protective Order.

21

22

Date: _____

23

City and State where sworn and signed: _____

24

25

Printed name: _____

26

27

Signature: _____

28

21