# Exhibit  C

United States District Court Northern District of California

1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YELP INC., | | Case No. ~~C~~ 24-cv-06101-SVK |
| | Plaintiff, | |
| v. | | PROPOSED PROTECTIVE ORDER |
| GOOGLE LLC, | | |
| | Defendant. | ~~STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS~~ |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section ~~14.4~~ 13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal;

Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      "HIGHLY CONFIDENTIAL" Information or Items: extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or Non-Party would create a substantial risk of causing the Producing Party to suffer a significant competitive or commercial disadvantage.

~~2.3~~2.4    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      [*Optional*: Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.]

2.5      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"].

2.6      Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter. (including, among other things, testimony, transcripts, and tangible things, expert reports, declarations, affidavits, video, and all copies, extracts, summaries, compilations, presentations by Parties or counsel to or in court, designations, and portions thereof).

2.7      Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time

2

1    of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2         2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

3    extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party

4    would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5         2.9    [*Optional*: "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:

6    extremely sensitive "Confidential Information or Items" representing computer code and associated

7    comments and revision histories, formulas, engineering specifications, or schematics that define or

8    otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of

9    which to another Party or Non-Party would create a substantial risk of serious harm that could not be

10   avoided by less restrictive means.]

11        2.10 2.8 In House Litigation Counsel: attorneys who are members in good standing of at

12   least one state bar, who are employees of a party to Party, and who have responsibility for

13   managing this action. In House Litigation Counsel does not include Outside Counsel of Record or

14   any other outside counsel.

15        2.11 2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity

16   not named as a Party to this action.

17        2.12 2.10   Outside Counsel of Record: attorneys who are not employees of a party to this

18   action but are retained to represent or advise a party to this action and have appeared in this action on

19   behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

20        2.13 2.11   Party: any party to this action, including all of its officers, directors, employees,

21   consultants, retained experts, and Outside Counsel of Record (and their support staffs).

22        2.14 2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery

23   Material in this action.

24        2.15 2.13   Professional Vendors: persons or entities that provide litigation support services

25   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing,

26   or retrieving data in any form or medium and professional jury or trial consultants), and their employees

27   and subcontractors, who have been retained by a Party or its counsel to provide litigation support services

28   with respect to this action.

1    2.162.14        Protected Material: any Disclosure or Discovery Material that is designated as

2    "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." [*Optional*: or as

3    "HIGHLY CONFIDENTIAL – SOURCE CODE."] ."

4        2.172.15        Receiving Party: a Party that receives Disclosure or Discovery Material from a

5    Producing Party.

6    3.    SCOPE

7        The protections conferred by this Stipulation and Order cover not only Protected Material (as

8    defined above), but also (1) any information copied or extracted from Protected Material; (2) all

9    copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

10   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

11   However, the protections conferred by this Stipulation and Order do not cover the following

12   information: (a) any information that is in the public domain at the time of disclosure to a Receiving

13   Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

14   publication not involving a violation of this Order, including becoming part of the public record

15   through trial or otherwise; and (b) any information known to the Receiving Party prior to the

16   disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

17   information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

18   Protected Material at trial shall be governed by a separate agreement or order.

19   4.    DURATION

20       Even after final disposition of this litigation, the confidentiality obligations imposed by this

21   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

22   otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

23   defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

24   and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

25   time limits for filing any motions or applications for extension of time pursuant to applicable law.

26   5.    DESIGNATING PROTECTED MATERIAL

27       5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or

28   Non-Party that designates information or items for protection under this Order must take care to

1   limit any such designation to specific material that qualifies under the appropriate standards. To the

2   extent it is practical to do so, the Designating Party must designate for protection only those parts of

3   material, documents, items, or oral or written communications that qualify—so that other portions of the

4   material, documents, items, or communications for which protection is not warranted are not swept

5   unjustifiably within the ambit of this Order.

6       Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

7   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

8   encumber or retard the case development process or to impose unnecessary expenses and burdens on

9   other parties) expose the Designating Party to sanctions.

10      If it comes to a Designating Party's attention that information or items that it designated for

11  protection do not qualify for protection at all or do not qualify for the level of protection initially asserted,

12  that Designating Party must promptly notify all other partiesParties that it is withdrawing the

13  mistaken designation.

14      5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g.,

15  second paragraph of sectionSection 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

16  Discovery

17      Material that qualifies for protection under this Order must be clearly so designated before the

18  material is disclosed or produced.

19      Designation in conformity with this Order requires:

20      (a) forFor information in documentary form (e.g., paper or electronic documents, but excluding

21  transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" [Optional: or

23  "HIGHLY CONFIDENTIAL—SOURCE CODE"]" to each page that contains protected material. If only a

24  portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

25  identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify,

26  for each portion, the level of protection being asserted.

27      Native Documents.  For Discovery Material produced in native format, the Producing Party shall

28  include a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, as appropriate, in the file name.

                                            5

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE])" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party when practical identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." "." Depositions will presumptively require the disclosure of Protected Material, so each Party and/or Non-Party shall ensure that all individuals participating on its behalf are authorized to review information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the Designating Party.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

Given the likelihood that the depositions of either Party's current or former employees may elicit "HIGHLY CONFIDENTIAL" information, In House Litigation Counsel shall not attend such depositions of the opposing Party's current or former employees.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL — SOURCE CODE"]. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted."

5.3     Inadvertent Failures to Designate. If timely corrected by written notice upon discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order destroy all mismarked versions of materials and use the appropriately marked versions instead.

If at any time prior to trial of this action a Party realizes that previously produced Disclosure or

Discovery Material should be upward designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Party may so designate by advising all other Parties in writing and by producing replacement documents or material with the appropriate designation as described above.  The designated documents or material will thereafter be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, pursuant to this Order.  Upon receipt of such designation in writing and reproduction of material with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend, the Parties and other persons subject to this Order shall take reasonable and appropriate steps to notify any and all recipients of the Disclosure or Discovery Material about the protected status of the newly designated Material, and to retrieve the newly designated Material from any person who is not permitted by this Order to have "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items.

       5.4      Designation By Parties Other Than The Producing Party. In the event that any material that a Party believes in good faith should be designated with a more protective designation than as produced or disclosed by a Producing Party (e.g., "HIGHLY CONFIDENTIAL" where the Producing Party has designated it "CONFIDENTIAL," or "CONFIDENTIAL" where the Producing Party has not provided a designation), any Party (the "Noticing Party") may give written notice of what it believes to be the appropriate designation to the Producing Party and all other Parties within thirty (30) days of discovery of the allegedly insufficient designation (or as otherwise agreed by the Parties), together with a copy of the subject material with what it believes to be the appropriate confidentiality designation.  Upon receipt of such notice, the Parties shall comply with the Noticing Party's proposed designation, and upon receipt of replacement material from the Producing Party with such designation, the Parties shall destroy or replace all copies of such undesignated or under-designated Producing Party material in their custody or possession with the replacement material, including notes and extracts thereof (except that Outside Counsel of Record may retain their notes and extracts), and make no further disclosure of such undesignated material except as allowed under this Order. To the extent any undesignated or underdesignated materials have been shared with individuals who are no longer authorized to view them, the Parties shall meet and confer in good faith about the process for returning or destroying the undesignated or underdesignated materials, such as by (1) having the non-Noticing Party provide the Noticing Party with the identity of those individuals so that the Noticing Party may take additional steps to recover any undesignated or underdesignated materials, or (2)

having the non-Noticing party (i) take reasonable steps to notify any persons who were provided copies of such undesignated material of the terms of this Order; and (ii) take reasonable steps to reclaim any such undesignated or under-designated material, and notes and extracts thereof, in the possession of any person not permitted access to such information under the terms of this Order.  Nothing herein shall prevent a Party from contesting a Producing Party's or Noticing Party's requested confidentiality designations pursuant to Section 6 below.

6. 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice, absent other agreement. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 they must jointly submit the dispute in accordance with Judge van Keulen's Civil and Discovery referral Matters

1    Standing Order (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial

2    notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve

3    their dispute, whichever is earlier.[1] Each such ~~motion must be accompanied by a competent declaration~~

4    ~~affirming that the movant has~~joint submission must affirm that the Parties have complied with the meet and

5    confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a

6    ~~motion~~joint submission including the required declaration within 21 days (or 14 days, if applicable) shall

7    automatically waive the confidentiality designation for each challenged designation. In addition, the

8    Challenging Party may file a motion challenging a confidentiality designation at any time if there is good

9    cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

10   Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming

11   that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

12        The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

13   Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

14   expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

15   Designating Party has waived the confidentiality designation by failing to ~~file a motion to retain~~

16   ~~confidentiality~~timely join a joint submission as described above, all parties shall continue to afford the

17   material in question the level of protection to which it is entitled under the ~~Producing~~Designating Party's

18   designation until the court rules on the challenge.

19   ~~7.~~7.    ACCESS TO AND USE OF PROTECTED MATERIAL

20        7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced

21   by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting

22   to settle this litigation, and such Protected Material shall not be used for any business purpose, in connection

23   with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected

24   Material may be disclosed only to the categories of persons and under the conditions described in this Order.

25   When the litigation has been terminated, a Receiving Party must comply with the provisions of ~~section~~

26

27   _____

28   [1] ~~Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the~~
     ~~Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The burden of~~
     ~~persuasion would remain on the Designating Party.~~

1  ~~15~~Section 14 below (FINAL DISPOSITION).

2          Protected Material must be stored and maintained by a Receiving Party at a location and in a secure

3  manner[2] that ensures that access is limited to the persons authorized under this Order.

4          7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

5  court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or

6  item designated "CONFIDENTIAL" only to:

7          (a) the Receiving Party's Outside Counsel of Record in this action and contract attorneys, if any,

8  hired by Outside Counsel to perform document review functions on behalf of and at the direction of

9  Outside Counsel, as well as employees of said Outside Counsel of Record to whom it is reasonably

10  necessary to disclose the information for this litigation ~~and who have signed the "Acknowledgment and~~

11  ~~Agreement to Be Bound" that is attached hereto as Exhibit A~~;

12          (b) ~~the officers, directors, and employees (including House~~up to two In House Litigation Counsel~~)~~

13  of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

14  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15          (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

16  necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

17  (Exhibit A);

18          (d) the court and its personnel and any mediator or settlement officer, and their supporting

19  personnel, as mutually agreed upon by the Parties;

20          (e) ~~court~~stenographic reporters, videographers, and/~~or~~ their staff, ~~professional jury or trial~~

21  ~~consultants,~~ and Professional Vendors to whom disclosure is reasonably necessary for this litigation and

22  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23          (f) the author or recipient of a document containing the information or a custodian or other person

24  who counsel reasonably believes to have possessed, known, or had access to the information; and

25          (~~f~~g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary

26

27  ────────────────

28  [2] ~~It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected~~
    ~~Material in password-protected form.~~

and who have signed the "~~Acknowledgment~~Acknowledgement and Agreement to Be Bound" (Exhibit A),

unless **~~otherwise agreed by the Designating Party or ordered by the court~~**. ~~Pages of transcribed~~

~~deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by~~

~~the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective~~

~~Order.~~the Designating Party objects to such disclosure or except as otherwise ordered by the Court.  Before

making such a disclosure, the Receiving Party must provide notice sufficient to allow the Designating Party

to object ahead of the deposition, except that, where the witness is a current or former employee of the

Designating Party, opportunity to object at the deposition will suffice.  For the avoidance of doubt, subject

to objection by the Designating Party at the deposition, any party can show a witness a document

designated "CONFIDENTIAL" by the Designating Party so long as the witness is currently employed by

the Designating Party or was once employed by the Designating Party.  If a good faith objection is lodged

by the Designating Party and the parties are unable to resolve the objection at the deposition, the Receiving

Party shall not use the objected-to document at the deposition until and unless the Court has resolved the

objection against the Designating Party.

~~(g) the author or recipient of a document containing the information or a custodian or other person~~

~~who otherwise possessed or knew the information.~~

7.3     Disclosure of "HIGHLY CONFIDENTIAL ~~— ATTORNEYS' EYES ONLY~~" [*Optional*:

~~and "HIGHLY CONFIDENTIAL — SOURCE CODE"]~~" Information ~~or Items~~. Unless otherwise ordered by

the ~~court~~Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

information or ~~item~~items designated "HIGHLY CONFIDENTIAL ~~— ATTORNEYS' EYES ONLY~~"

~~[*Optional*: or "HIGHLY CONFIDENTIAL — SOURCE CODE"]~~" only to:

(a) the Receiving Party's Outside Counsel of Record in this action and contract attorneys, if any,

hired by Outside Counsel to perform document review functions on behalf of and at the direction of

Outside Counsel, as well as employees of said Outside Counsel of Record to whom it is reasonably

necessary to disclose the information ~~for this litigation and who have signed the "Acknowledgment and~~

~~Agreement to Be Bound" that is attached hereto as Exhibit A~~;

~~[(b) *Optional as deemed appropriate in case-specific circumstances:* Designated House Counsel of~~

1   the Receiving Party[3] (1) who has no involvement in competitive decision-making, (2) to whom disclosure is

2   reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be

3   Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been

4   followed];[4]

5           (eb) Experts (and staff thereof) of the Receiving Party (1) to whom disclosure is reasonably

6   necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound"

7   (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been

8   followed];

9           (dc) the court and its personnel and any mediator or settlement officer, and their supporting

10  personnel, mutually agreed upon by the Parties;

11          (ed) courtstenographic reporters, videographers, and/or their staff, professional jury or trial

12  consultants,[5] and Professional Vendors to whom disclosure is reasonably necessary for this litigation and

13  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

14          (fe) the author or recipient of a document containing the information or a custodian or other person

15  who otherwisecounsel reasonably believes to have possessed or knew, personally known, or had access to

16  the information.; and

17          (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and

18  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating

19  Party objects to such disclosure or except as otherwise ordered by the Court.  Before making such a

20  disclosure, Receiving Party must provide notice sufficient to allow the Designating Party to object.  Pages of

---

[3] It may be appropriate under certain circumstances to limit the number of Designated House Counsel who may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this provision.

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE." It may also be appropriate under certain circumstances to limit how Designated House Counsel may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. For example, Designated House Counsel may be limited to viewing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only if it is filed with the court under seal, or in the presence of Outside Counsel of Record at their offices.

[5] Alternative: The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may wish to draft a simplified, precisely tailored Undertaking for mock jurors to sign.

transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Any Receiving Party intending to use "HIGHLY CONFIDENTIAL" Information at the deposition of an individual who is not otherwise listed in subsections 7.3(a)-(e) of this paragraph shall provide written notice to the Designating Party identifying (by Bates number or other individually identifiable information) the "HIGHLY CONFIDENTIAL" Information no later than two (2) business day before the intended disclosure. After receiving the notice, the Designating Party shall not disclose the notice or the information proposed to be disclosed to any other Party or Non-Party (including the witness to whom the disclosure is proposed).

Should the parties, after meeting and conferring, disagree that the proposed disclosure is reasonably necessary, the "HIGHLY CONFIDENTIAL" Information shall not be disclosed to the witness unless and until the Court orders such disclosure, and the Parties shall jointly raise any dispute within 7 days of reaching impasse. The portions of the deposition transcript pertaining to such "HIGHLY CONFIDENTIAL" information shall automatically be deemed designated as "HIGHLY CONFIDENTIAL" (and any such "HIGHLY CONFIDENTIAL" information marked as an exhibit during a deposition shall continue to be designated as "HIGHLY CONFIDENTIAL").

8.    DISCLOSURE OF HIGHLY CONFIDENTIAL INFORMATION TO DESIGNATED IN-HOUSE LITIGATION COUNSEL BASED ON NEED

Either Party may at any time before trial in this action request disclosure of "HIGHLY CONFIDENTIAL" information to In-House Litigation Counsel by consent of the Designating Party or motion with the Court.  Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party seeking to disclose "HIGHLY CONFIDENTIAL" information to In-House Litigation Counsel must submit in writing to the Designating Party a written statement that: (1) describes with particularity the "HIGHLY CONFIDENTIAL" information the requesting party seeks to disclose to In-House Litigation Counsel; (2) sets forth the full name of each In-House Litigation Counsel and the city and state of his or her residence; and (3) describes each In-House Litigation Counsel's primary job duties and responsibilities in sufficient detail to determine if each In-House Litigation Counsel is involved in Competitive Decision-Making.  The requesting Party must meet and confer with the Designating Party to try to resolve the matter by

agreement within 7 days of the written notice.  If no agreement is reached, the requesting Party may file a motion with the Court.  All other Parties will have seven (7) days to respond to such motion.  The requesting Party will not disclose any "HIGHLY CONFIDENTIAL" information to its In-House Litigation Counsel pending resolution of the dispute.  If the Court finds the In-House Litigation Counsel has a particularized need for access to the "HIGHLY CONFIDENTIAL" information that outweighs the risk of harm to the Designating Party or the public interest, the requesting Party will be able to disclose the "HIGHLY CONFIDENTIAL" material to its In-House Litigation Counsel notwithstanding subsection 7.3.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] Information or Items to Designated House Counsel[6] or Experts.[7]

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.[8]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] pursuant to paragraph 7.3(c) first must make a written request to

---

[6] *Alternative*: The parties may exchange names of a certain number of Designated House Counsel instead of following this procedure.

[7] *Alternative*: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one.

[8] It may be appropriate in certain circumstances to require any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities.

the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[9] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[10]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion

---

[9] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[10] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

16

1    ~~must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by~~

2    ~~agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons~~

3    ~~advanced by the Designating Party for its refusal to approve the disclosure.~~

4    ~~In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert~~

5    ~~shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards~~

6    ~~proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House~~

7    ~~Counsel or Expert.~~

8    ~~8. PROSECUTION BAR [*OPTIONAL*]~~

9    ~~Absent written consent from the Producing Party, any individual who receives access to "HIGHLY~~

10   ~~CONFIDENTIAL—ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL—~~

11   ~~SOURCE CODE"] information shall not be involved in the prosecution of patents or patent applications~~

12   ~~relating to [insert subject matter of the invention and of highly confidential technical information to be~~

13   ~~produced], including without limitation the patents asserted in this action and any patent or application~~

14   ~~claiming priority to or otherwise related to the patents asserted in this action, before any foreign or~~

15   ~~domestic agency, including the United States Patent and Trademark Office ("the Patent Office").[11] For~~

16   ~~purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or~~

17   ~~otherwise affecting the scope or maintenance of patent claims.[12] To avoid any doubt, "prosecution" as used~~

18   ~~in this paragraph does not include representing a party challenging a patent before a domestic or foreign~~

19   ~~agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes*~~

20   ~~reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL—~~

21   ~~ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL—SOURCE CODE"]~~

22   ~~information is first received by the affected individual and shall end two (2) years after final termination of~~

23   ~~this action.[13]~~

24

25   ~~[11] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to~~
26   ~~"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information to implement an "Ethical Wall."~~

     ~~[12] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.~~
27
     ~~[13] *Alternative:* It may be appropriate for the Prosecution Bar to apply only to individuals who receive access to another~~
28   ~~party's "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" technical or source code information pursuant~~
     ~~to this Order, such as under circumstances where one or more parties is not expected to produce "HIGHLY~~

9. SOURCE CODE [*OPTIONAL*]

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information [*Optional*: including the Prosecution Bar set forth in Paragraph 8], and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.[14]

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.[15] The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.[16]

---

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that is technical in nature or "HIGHLY CONFIDENTIAL – SOURCE CODE" information,

[14] It may be appropriate under certain circumstances to allow House Counsel access to derivative materials including "HIGHLY CONFIDENTIAL – SOURCE CODE" information, such as exhibits to motions or expert reports,

[15] *Alternative*: Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed. This alternative may be appropriate if the Producing Party and/or its counsel are located in a different jurisdiction than counsel and/or experts for the Receiving Party.

[16] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

1    (d)    The Receiving Party may request paper copies of limited portions of source code that are

2    reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for

3    deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other

4    than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all

5    such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL –

6    SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy

7    form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the

8    Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes

9    of dispute resolution.

10    (e)    The Receiving Party shall maintain a record of any individual who has inspected any

11    portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies

12    of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create

13    any electronic or other images of the paper copies and shall not convert any of the information contained in

14    the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if

15    such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a

16    testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the

17    preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party

18    at the end of each day and must not be given to or left with a court reporter or any other unauthorized

19    individual.[17]

20    ~~10.~~ 9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

21    LITIGATION

22        If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure

23    of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

24    – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]**,**

25

26

27    [17] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

28

1  that Party must:

2       (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the

3  subpoena or court order;

4       (b) promptly notify in writing the party who caused the subpoena or order to issue in the other

5  litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.

6  Such notification shall include a copy of this Stipulated Protective Order; and

7       (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party

8  whose Protected Material may be affected.[18]

9       If the Designating Party timely seeks a protective order, the Party served with the subpoena or court

10  order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY

11  CONFIDENTIAL — ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL —

12  SOURCE CODE"]" before a determination by the court from which the subpoena or order issued, unless

13  the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and

14  expense of seeking protection in that court of its confidential material – and nothing in these provisions

15  should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

16  directive from another court.

17  11. 10.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

18  LITIGATION

19       (a) The terms of this Order are applicable to information produced by a Non-Party in this action and

20  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"

21  [*Optional:* or "HIGHLY CONFIDENTIAL — SOURCE CODE"]." Such information produced by

22  Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

23  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

24  protections.

25       (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's

26

27  [18] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to

28  afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1  confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to

2  produce the Non-Party's confidential information, then the Party shall:

3  (1.  ) promptly notify in writing the Requesting Party and the Non-Party that some or all

4  of

5  the information requested is subject to a confidentiality agreement with a Non-Party;

6  (2.  ) promptly provide the Non-Party with a copy of the Stipulated Protective Order in

7  this

8  litigation, the relevant discovery request(s), and a reasonably specific description of the information

9  requested; and

10  (3.  ) make the information requested available for inspection by the Non-Party.

11  (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of

12  receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's

13  confidential information responsive to the discovery request. If the Non-Party timely seeks a protective

14  order, the Receiving Party shall not produce any information in its possession or control that is subject to

15  the confidentiality agreement with the Non-Party before a determination by the court.[19] Absent a court

16  order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of

17  its Protected Material.

18  12. 11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

19  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to

20  any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party

21  must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best

22  efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom

23  unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to

24  execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

25  If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient")

26

27  _____

28  [19] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

discovers any loss of Protected Material or a breach of security, including any actual or suspected

unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized

Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written

notice to Designating Party of such breach, including information regarding the size and scope of the breach;

and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the

Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to

terminate any unauthorized access.

13. INADVERTENT 12.          PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).[20] This

provision is not intended to modify whatever procedure may be established in an e-discovery order

that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence

502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

communication or information covered by the attorney-client privilege or work product protection,

the parties may incorporate their agreement in the stipulated protective order submitted to the

court.

Consistent with Federal Rule of Evidence 502, if a Party or Non-Party notifies any other Party that it

disclosed Disclosure or Discovery Material that is protected from disclosure under the attorney-client

privilege, work product doctrine, and/or any other applicable privilege or immunity, or the Receiving Party

---

[20] *Alternative*: The parties may agree that the recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006. This could include a restriction against "presenting" the document(s) to the court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations.

An alternate provision could state: "If information is produced in discovery that is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim."

1    discovers such disclosure, the disclosure shall not be deemed a waiver in whole or in part of the applicable

2    privilege or protection, either as to the specific material or information disclosed or as to any other material or

3    information relating thereto or on the same or related subject matter.

4           This paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of

5    Evidence 502(d) with regard to Privileged Documents.  The Disclosing Party is not required to satisfy the

6    elements of Rule 502(b) to properly assert the attorney-client privilege or work product protection over

7    disclosed communications, information, and documents.

8           If a Party or nonparty makes a written request for the return of such Disclosure or Discovery Material

9    pursuant to this paragraph ("Clawback Notice") or if the Receiving Party recognizes that it has received

10   Disclosure or Discovery Material that, based upon a reasonable interpretation, is subject to any of the

11   privileges discussed in this paragraph, the Receiving Party shall destroy or return all copies of such

12   Disclosure or Discovery Material to the Producing Party within five (5) business days of receipt of such

13   notice or discovery, shall provide a certification that all such disclosed Disclosure or Discovery Material

14   (along with any notes or summaries referring thereto) has been returned or destroyed, and shall not use such

15   items for any purpose unless and until further order of the Court.  This includes a restriction against

16   presenting the information to the Court for a determination of the claim.  For avoidance of doubt, the

17   Receiving Party may not use information gained by review of the inadvertently produced materials to then

18   challenge the propriety of an asserted privilege or other protection. However, if the Producing Party attempts

19   to claw back more than 100 documents in a seven day period, then the Receiving Party shall have 30 days to

20   provide such certification. Any party providing a Clawback Notice to another that it has disclosed Disclosure

21   or Discovery Material that is protected from disclosure under any of the privileged discussed in this paragraph

22   must include, to the extent not already provided, within or simultaneously with such Clawback Notice

23   sufficient information for the Receiving Party to evaluate the privilege claim(s) asserted, per Rule 26(b)(5) of

24   the Federal Rules of Civil Procedure.

25          If the Receiving Party intends to challenge the claw back of the Disclosure or Discovery Material,

26   then the receiving Party may instead sequester the material during the pendency of the challenge

27   ("Clawback Challenge"). The Receiving Party must inform the Producing Party of its intent to issue a

28   Clawback Challenge within 5 days of receiving the Clawback Notice, provided however that it the

Producing Party attempts to claw back more than 100 documents in a seven day period, then the Receiving Party shall have 30 days to notify the Producing Party of its Clawback Challenge. If, after meeting and conferring, the Parties reach impasse, the Receiving Party may move the Court for an order allowing use of the Disclosure or Discovery Material in the Action, but further provided that the Receiving Party may not argue that the disclosure to the Receiving Party waived the privilege or immunity.

Notwithstanding the foregoing, the Parties agree that any Disclosure or Discovery Material shall not be eligible to be clawed back if:

(a) the Disclosure or Discovery Material is used by any Receiving Party or Non-Party in a deposition or hearing in this Action, and the Producing Party does not claw back the information within five (5) business days of the deposition or hearing;

(b) the Disclosure or Discovery Material is specifically referred to in the body of an expert report or a court filing served by any Receiving Party or Non-Party in this litigation (with the exception of a motion to determine the existence of any privilege filed under seal), and the Producing Party fails to claw back the information within thirty (30) calendar days of its receipt of the report or court filing; or

(c) the Producing Party affirmatively uses the Disclosure or Discovery material in a deposition, hearing, or court filing before attempting to claw it back.

14. 13. MISCELLANEOUS

14.1 13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    [Optional: 13.3 Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.] Each party receiving Protected

Material shall comply with all applicable export control statutes and regulations. See, e.g., 15 C.F.R. § 734, et. seq. No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited, except that Outside Counsel of Record in this action may view Protected Material remotely while working abroad if reasonably necessary for this action, except that Outside Counsel of Record shall not view Protected Material in any of the following countries:  China, Russia, Romania, Iran, Nigeria, North Korea, Ukraine, Island of Seychelles, Serbia, Estonia, Hong Kong, Yemen, or Macao. Notwithstanding this prohibition, Protected Material, to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

14.413.4        Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Materialinformation in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13.5     Data Security. Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material. The Safeguards will meet or exceed relevant industry standards and limit the

1   collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes

2   authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all

3   transfers or communication of Protected Material, and take reasonable measures to password protect and

4   encrypt Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to

5   the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of

6   Protected Material. If Protected Material is to be used during a deposition, the Designating Party shall

7   specify the technology, if any, to be used to conduct the deposition with respect to that Protected Material

8   at least seven (7) days before the deposition so that the parties can confer to ensure the protection of the

9   Protected Material, provided however that, to the extent the Parties agree on a deposition vendor, this

10  disclosure is not necessary.

11          13.6     Advice to Client. Nothing in this Order will bar or otherwise restrict Counsel from

12  rendering advice to his or her client with respect to this matter or from generally referring to or relying

13  upon "Confidential" or "Highly Confidential" material in rendering such advice, except that only Outside

14  Counsel of Record shall have access to "HIGHLY CONFIDENTIAL" material; In House Litigation

15  Counsel shall have access only to "CONFIDENTIAL" material.

16  ~~15.~~14.  FINAL DISPOSITION

17          Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

18  Party must return all Protected Material to the Producing Party or destroy such material. As used in this

19  subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

20  format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or

21  destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same

22  person or entity, to the Designating Party) by the 60- day deadline that (1) identifies (by category, where

23  appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party

24  has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing

25  any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy

26  of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

27  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product,

28  even if such materials contain Protected Material. Any such archival copies that contain or constitute

1  Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

2  15.    INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

3        The United States District Court for the Northern District of California is responsible for the

4  interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this

5  Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a

6  matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and

7  recipients of the Protected Material for enforcement of the provision of this Order following final disposition

8  of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall

9  be resolved by the United States District Court for the Northern District of California.

10

11  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12

13  DATED: _____ _____

14  Attorneys                                      Attorney for Plaintiff

15

16

17  DATED: _____ _____

18  Attorneys                                      Attorney for Defendant

19  PURSUANT TO STIPULATION, IT IS SO ORDERED.

20

21  DATED: _____ _____

22                                      [Name of Judge]

23                              United States District/Magistrate Judge

24

25

26

27

28

1

2

EXHIBIT A

3

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

4

I, _____ [print or type full name], of _____ [print or type full

5

address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated

6

Protective Order that was issued by the United States District Court for the Northern District of California on

7

[date] in the case of ~~_____ [insert formal name of the case and the number and initials assigned to~~

8

~~it by the court]~~*Yelp Inc., v. Google LLC*, No. 24-cv-06101-SVK.  I agree to comply with and to be bound by

9

all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

10

could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

11

disclose in any manner any information or item that is subject to this Stipulated Protective Order to any

12

person or entity except in strict compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of

14

California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement

15

proceedings occur after termination of this action.

16

I hereby appoint _____ [print or type full name] of

17

_____ [print or type full address and telephone number] as my

18

California agent for service of process in connection with this action or any proceedings related to

19

enforcement of this Stipulated Protective Order.

20

21

Date: _____

22

City and State where sworn and signed: _____

23

24

Printed name: _____

25

~~[printed name]~~

26

27

Signature: _____

~~[signature]~~

28

28