UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YELP INC.,

               Plaintiff,

    v.

GOOGLE LLC,

               Defendant.

Case No.  24-cv-06101-SVK

**DISCOVERY ORDER RE TIME PERIOD AND SCOPE OF CERTAIN REQUESTS FOR PRODUCTION**

Re: Dkt. Nos. 89, 90

Before the Court are two discovery disputes brought by the Parties.  In the first, Google seeks to compel Yelp to produce documents in response to Request for Production ("RFP") nos. 7, 8, 11, 14 and 37, and to comply with its Instruction no. 8, instructing that documents are to be produced from January 1, 2007 to the present. Dkt. 89; *see also* Dkt. 89-1.  Yelp objects to the RFPs on various grounds, including overbreadth, and objects to producing documents prior to 2013. Dkt. 89; *see also* Dkt. 89-1.  In the second joint submission, Yelp argues that to the extent it is required to produce documents "dating back to 2007, … Google should make a similar production for Yelp's corresponding RFPs 4-10, 20, 22, 35, 43-44, 46, and 48-49." Dkt. 90 at 2. These matters came on for hearing on April 22, 2026.  Having considered the submissions, arguments of counsel, the relevant law and the parameters of relevance and proportionality as set forth in Rule 26(a), the Court's rulings on Yelp's specific objections to Google's RFPs are contained in **Attachment A**.  The relevant timeframe for responses to both Parties' RFPs shall begin on January 1, 2007 for the reasons set forth on the record.

    **SO ORDERED.**

Dated:  April 22, 2026

                                   _____

                                   SUSAN VAN KEULEN

                                   United States Magistrate Judge

United States District Court
Northern District of California

# ATTACHMENT A

| Discovery Request | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| **Requests about Yelp's Business Performance, Strategy, Causes of Growth/Decline, and Product Investment** | | | | |
| **Google's RFP 7:** All Documents concerning Yelp's financial performance, including financial statements, earnings call transcripts, internal reports, and/or annual reports, including all underlying data or analyses | **Yelp's Original Objection and Response:** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome, and its burden and expense outweigh any likely benefit because producing "all" Documents "concerning" the quality of Yelp's services would encompass documents with little, if any, relevance to the claims and defenses here. Plaintiff objects to the extent that the information Defendant seeks is protected by the attorney-client privilege, the attorney work product doctrine, common interest, or otherwise is privileged, protected, or exempt from discovery.<br><br>Without waiving these objections, and subject to them, Plaintiff is prepared | Google seeks a reasonable search of custodial and non-custodial sources, including the custodial files of Jeremy Stoppelman (CEO), Jed Nachman (COO), David Schwarzbach (CFO), Charles "Lanny" Baker (former CFO), and Wendy Lim (former VP, Strategic Finance). In addition to the financial documents Yelp agrees to produce, Google is seeking internal communications discussing Yelp's financial performance. | For RFPs 7, 8, and 11, Yelp has already agreed to produce: 1) Documents sufficient to show Yelp's financial performance, including earnings calls transcripts, annual reports, quarterly or annual internal reports discussing financial reporting, which includes non-public information on Yelp's financial performance as well as profit and loss statements, and 2) documents sufficient to show the drivers/causes of Yelp's growth, including 10Qs,10Ks, and internal quarterly financial statements that contain more financial granularity than Yelp's public filings; periodic internal presentations focused on local revenues, which provide local revenues, drivers of increases and decreases, and strategic forecasting; and monthly | Yelp's objection re overbreadth and burden is **SUSTAINED**, and the Court **ADOPTS** Yelp's proposed compromise as modified on the record.<br><br>In sum, for the "including" categories identified by Yelp in its compromise, it is to produce ALL documents.  For example only and without limitation, Yelp is to provide ALL earnings calls transcripts; ALL internal reports discussing financial reporting; documents sufficient to show ALL drivers/causes of Yelp's growth or decline; ALL periodic internal presentations |

| Discovery Request | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| | to meet and confer in a good faith effort to appropriately narrow the scope of this Request. | | Activation & Engagement slide presentations. Yelp has also proposed a custodial search of CEO Jeremy Stoppelman's documents for documents relating to competition with Google and other local search providers. | focused on local revenues; etc.<br><br>Yelp is also to conduct a custodial search of CEO Stoppelman's documents, including emails, for 1) ALL documents relating to the production categories identified above regarding financial performance; and 2) ALL documents relating to competition with Google and other local search providers. |
| **Google's RFP 8:** All Documents concerning Yelp's strategies and/or plans for earning revenue in connection with its services. For the avoidance of doubt, this request includes Documents concerning business planning that includes monetization strategy; how Yelp selects which queries to monetize; the number of | **Yelp's Original Objection and Response:** Plaintiff objects to this request as overly broad and unduly burdensome, and its burden and expense outweigh any likely benefit because it seeks "[a]ll" documents "concerning" Yelp's strategies and/or plans for earning revenue in connection with its services, which would | Google seeks a reasonable search of custodial and non-custodial sources, including the custodial files of Jeremy Stoppelman (CEO), Jed Nachman (COO), David Schwarzbach (CFO), Brian Dean (SVP, Business Operations & Strategy), Lanny Baker (former CFO), and Wendy Lim (former VP, Strategic Finance). In addition to | For RFPs 7, 8, and 11, Yelp has already agreed to produce: 1) Documents sufficient to show Yelp's financial performance, including earnings calls transcripts, annual reports, quarterly or annual internal reports discussing financial reporting, which includes non-public information on Yelp's financial performance as well as profit and loss | See Order re RFP 7, incorporated herein by reference. |

1

| Discovery Request | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| ads Yelp displays in response to a query; the relative amount of revenue by source (e.g., advertising, referral fees, licensing fees, quality certification fees, commissions, etc.); and any actual or contemplated changes in fees charged to users, businesses, or advertisers | encompass documents that have nothing to do with any party's claim or defense and not proportional to the needs of the case. As written, the Request could plausibly encompass all of Yelp's documents. Plaintiff objects to the extent that the information Defendant seeks is protected by the attorney-client privilege, the attorney work product doctrine, common interest, or otherwise is privileged, protected, or exempt from discovery.<br><br>Without waiving these objections, and subject to them, Plaintiff is prepared to meet and confer in a good faith effort to appropriately narrow the scope of this Request. | the financial documents Yelp agrees to produce, Google is seeking internal communications discussing Yelp's revenue strategy. | statements, and 2) documents sufficient to show the drivers/causes of Yelp's growth, including 10Qs,10Ks, and internal quarterly financial statements that contain more financial granularity than Yelp's public filings; periodic internal presentations focused on local revenues, which provide local revenues, drivers of increases and decreases, and strategic forecasting; and monthly Activation & Engagement slide presentations. Yelp has also proposed a custodial search of CEO Jeremy Stoppelman's documents for documents relating to competition with Google and other local search providers. | |
| **Google's RFP 11:** All Documents that identify or analyze the drivers and/or causes of Yelp's growth | **Yelp's Original Objection and Response:** Plaintiff objects to this Request as overly broad | Google seeks a reasonable search of custodial and non-custodial sources, including the custodial | For RFPs 7, 8, and 11, Yelp has already agreed to produce: 1) Documents sufficient to show Yelp's | See Order re RFP 7, incorporated herein by reference.<br>    [CONTINUED] |

| Discovery Request | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| or projected growth and/or decline or projected decline in users, user engagement, revenues, and/or profits. | and unduly burdensome because it calls for "[a]ll" documents identifying or analyzing drivers or causes of Yelp's growth, regardless of relation to general search services, local search services, or local search advertising, and therefore would encompass documents not relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiff objects to the extent that the information Defendant seeks is protected by the attorney-client privilege, the attorney work product doctrine, common interest, or otherwise is privileged, protected, or exempt from discovery.<br><br>Subject to the foregoing objections and the parties' agreement on the contours of Plaintiff's reasonable search obligations, | files of Jeremy Stoppelman (CEO), Jed Nachman (COO), David Schwarzbach (CFO), Brian Dean (SVP, Business Operations & Strategy), Lanny Baker (former CFO), and Wendy Lim (former VP, Strategic Finance). In addition to the financial documents Yelp agrees to produce, Google is seeking internal communications discussing the factors affecting Yelp's business. | financial performance, including earnings calls transcripts, annual reports, quarterly or annual internal reports discussing financial reporting, which includes non-public information on Yelp's financial performance as well as profit and loss statements, and 2) documents sufficient to show the drivers/causes of Yelp's growth, including 10Qs,10Ks, and internal quarterly financial statements that contain more financial granularity than Yelp's public filings; periodic internal presentations focused on local revenues, which provide local revenues, drivers of increases and decreases, and strategic forecasting; and monthly Activation & Engagement slide presentations. Yelp has also proposed a custodial search of CEO Jeremy Stoppelman's | Additionally, Yelp is to conduct a custodial search of CEO Stoppelman's documents, including emails, as well as a custodial search, including emails, of either Mr. Dean or Ms. Lim, as agreed upon by the Parties following further meet and confer, for 1) ALL documents relating to the production categories identified above regarding financial performance; and 2) ALL documents relating to competition with Google and other local search providers. |

| Discovery Request | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| | Plaintiff will conduct a reasonable search and will produce non-privileged documents sufficient to identify drivers and/or causes of Yelp's growth or projected growth and/or decline or projected decline in users, user engagement, revenues, and/or profits. | | documents for documents relating to competition with Google and other local search providers. | |
| **Google's RFP 14(b) and (c):** Documents sufficient to show, on an annual basis, (b) Yelp's product development expenses by category of expense (employee expenses by category, allocated workplace and other supporting overhead costs, etc.); (c) research and development costs (i.e., costs associated with product changes) | **Yelp's Original Objection and Response:** Plaintiff objects to this Request as overbroad and unduly burdensome, and its burden and expense outweigh any likely benefit because it would encompass documents that are not relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Specifically, categories (b), (c), and (d) are neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. | Google seeks a reasonable search of non-custodial files for documents sufficient to show the responsive information. | Yelp has agreed to produce documents responsive to RFP 14(a) and (d). Yelp is producing other documents relating to quality, including: 1) running a search string specific to quality measures on three custodians and their shared Google drive resources, 2) reviewing research team files and producing surveys on user and business-owner perceptions of Yelp relating to local search and local search advertising, new user research, how users interact with the | Yelp's objections regarding relevance and proportionality are **SUSTAINED**, and the Court **ADOPTS** Yelp's proposed compromise except that, as covered elsewhere in the Court's order, the relevant time period shall begin on January 1, 2007. |

| Discovery Request | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| | Subject to the foregoing objections and the parties' agreement on the contours of Plaintiff's reasonable search obligations, Plaintiff will conduct a reasonable search and will produce non- privileged documents responsive to part (a) of this Request in Plaintiff's possession, custody, or control, if any exist. Plaintiff is prepared to meet and confer in a good faith effort to understand the relevance of the request as to parts (b), (c), and (d). | | SERP, how business owners view the SERP, and other research relating to local search and local search advertising; and 3) searching the custodial files of over a dozen current and former product and engineering custodians who deal with local search and local search advertising, who collectively span the entire period from January 1, 2013 to August 28, 2024, and agreeing that any documents that touch on the quality metrics outlined in our letter correspondence will be considered in scope. | |
| **Board Materials Concerning "Local Search Advertising," "Local Search," or Competition Therein** | | | | |
| **Google's RFP 37:** All minutes, recordings, summaries, or reports of meetings, whether formal or informal, of Yelp's board of directors | **Yelp's Original Objection and Response:** Plaintiff objects to the extent that the information Defendant seeks is protected by the attorney- | Google seeks a reasonable search of non-custodial files for responsive board materials concerning Google, local search advertising, local search, | Contingent on Google's agreement to withdraw its request for an extended custodian production for RFPs 7, 8, 9, 10, 11, 17, 18, 19, 24, 25 for the | The Court has set the time frame; the Parties' respective contingencies on agreement are mooted |

| Discovery Request | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| (including committees or subgroups), including any presentations made to Yelp's board of directors, concerning (a) Google; or (b) competition, competitors, competitive strategy, or market analyses | client privilege, the attorney work product doctrine, common interest, or otherwise is privileged, protected, or exempt from discovery. Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome, and its burden and expense outweigh any likely benefit because producing "all" minutes, recordings, summaries, or reports of formal and informal meetings of Yelp's board of directors concerning any competition, competitive strategy, or market analyses, would encompass documents with little, if any, relevance to the claims and defenses here. Subject to the foregoing objections, Plaintiff will conduct a reasonable search and will produce one copy of any non- | or competition therein, using a reasonable and reciprocal search methodology to identify these materials, but Google is not willing to condition this search on withdrawing Google's request for custodial searches for the 2007-2012 time period (as requested by Yelp's proposed compromise). | period from 2007-2012, Yelp has offered to produce board materials concerning Google, local search advertising, local search, or competition therein, from 2007 through August 28, 2024, contingent on the parties' good faith agreement on a reasonable and reciprocal search methodology to identify these materials. | by this Order. Accordingly, the Parties are to exchange documents as agreed: Yelp and Google each to produce board materials concerning Google, local search advertising, local search, or competition therein, from 2007 through August 28, 2024. |

6

| Discovery Request | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| | privileged minutes, formal summaries and reports of meetings, and materials presented to Yelp's board of directors concerning Google's conduct in the general search services market, the local search services market, or the local search advertising market. | | | |
| **2007-2012 Time Period** | | | | |
| **Instruction No. 8:** Unless otherwise specified, these requests are for all documents in Your possession, custody, or control that were created, altered, or received at any time from January 1, 2007 to the present.<br><br>This Instruction applied to 40 of Google's RFPs: Requests 4 & 7-45 (see Exhibit B for full text of each RFP) | **Yelp's Original Objection and Response:** Plaintiff objects to Defendant's proposed Relevant Time Period. Plaintiff will produce documents through August 28, 2024, as Defendant has agreed to do in its own Objections and Responses to Yelp's First Set of Requests for Production of Documents. Plaintiff objects to the proposed start date for production only to the extent that Defendant refuses to follow the same | Google proposes that Yelp agree to conduct reasonable searches for documents from the 2007 to 2012 time period, using the same methodology as for later time periods, for 11 of its RFPs: 7, 8, 9, 10, 11, 17, 18, 19, 24, 25, and 37. | Yelp has already produced its prior FTC productions made with respect to the 2012 FTC Report cited in the Complaint, which include documents dating back to 2007 relating to competition with Google and within the local search services and local search advertising markets. To resolve this dispute, Yelp has additionally offered to 1) make a reciprocal production of board of directors materials (responsive to RFP 37) relating to local search, | As set forth on the record and in the Court's Cover Order. |

| Discovery Request | Objecting Party's Response or Objection | Requesting Party's Proposed Compromise | Objecting Party's Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| | start date. If the parties agree, or if the Court rules, that a narrower production period applies, Plaintiff will produce documents for the same time period as Defendant. | | competition therein, local search advertising, and competition therein, from 2007 through August 28, 2024, contingent on the parties' good faith agreement on a reasonable and reciprocal search methodology to identify these materials; and 2) produce documents responsive to RFPs 7, 8, and 11 (within the scope identified above), from 2007 through August 28, 2024. | |

8