UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELP INC., | Case No. 24-cv-06101-SVK |
| Plaintiff, | |
| v. | **ORDER RE DISCOVERY DISPUTE AT DKT. 107** |
| GOOGLE LLC, | Re: Dkt. No. 107 |
| Defendant. | |

Before the Court is the Parties' Joint Submission pursuant to which Yelp, Inc. ("Yelp") seeks production of expert witness materials from the United States's suit against Google LLC ("Google"), *United States v. Google*, Nos. 20-cv-3010, 20-cv-3715 (D.D.C.) (hereinafter "*U.S. v. Google*"). Specifically, Yelp seeks expert reports, with back up materials; transcripts of expert depositions; and expert trial testimony with exhibits and demonstratives.[1] Dkt. 107 at 2. Google opposes the production of expert materials on various grounds. *Id*. at 7-11. Having considered the Joint Submission and the relevant law, the Court determines that this matter may be resolved without oral argument. Civil L.R. 7-1(b).

Yelp's motion is **DENIED WITHOUT PREJUDICE**. Taking the requests in reverse order, the experts' trial testimony, related exhibits and demonstratives are publicly available and therefore accessible to Yelp without requiring production from Google. To the extent any expert's testimony, exhibits or demonstratives are under seal, the Parties are **ORDERED** to meet and confer to facilitate access. If a *U.S. v. Google* protective order provides a protocol for such access,

---

[1] Yelp also requested "structured data productions" but indicated it would set that request aside if Google would produce the requested expert materials. The Parties did not otherwise address this request in the Joint Submission, and therefore the Court does not address it in this Order.

then that protocol shall control.  The Court expects the Parties to reach agreement on any access issue, but a dispute may be brought to the Court if necessary.  As for expert depositions, if any deposition is in the *U.S. v. Google* trial record and publicly available, then Yelp can acquire it on its own.  If the transcript is sealed, the Parties shall meet and confer as directed above.  Requests for expert deposition testimony not in the public record are denied for the reasons set forth below.

As for expert reports and back up materials, which are neither in the public record nor relied upon by the *U.S. v. Google* court, Yelp's request is overbroad and premature.  If Google discloses an expert in this action who was also disclosed in *U.S. v. Google*, then, after the exchange of expert disclosures in this case, the overlapping expert's report and supporting materials in *U.S. v. Google* may be relevant and proportional to the needs of the case.  However at this juncture prior to expert disclosures, materials from experts who may have expressed opinions in *U.S. v. Google* on subject matters that overlap with this case but who are not disclosed in this case are of dubious relevance.  Moreover, expert opinions expressed in reports in *U.S. v. Google* may not have been adopted by Google at trial, and therefore Yelp's purported search for inconsistency would be futile.

Additionally, production of expert reports from another action with overlapping issues would, at this time, give Yelp an improper tactical advantage.  On this point, the Court finds *Natixis Fin. Prods. LLC v. Bank of America*, No. 10-cv-3656, 2016 WL 7165981 (S.D.N.Y. Dec. 7, 2016) instructive.  In that case the court denied a plaintiff's request for expert materials from a related action made prior to expert disclosures in the plaintiff's case, reasoning that plaintiff was seeking "to obtain advance copies of [Defendant's] expert reports before committing to an expert position on its own claims…." *Id*. at \*4.  Here, Yelp's request precedes not only expert disclosures but the close of fact discovery, which, if the request were granted, would provide a further tactical advantage.  *See also In re Google Digital Advertising Antitrust Litig.*, 21-md-3010-PKC, Dkts. 516, 899 (granting the plaintiffs' pretrial motion to compel production of expert reports and underlying data in related actions only after the parties had submitted their own expert reports, thereby ameliorating concerns of "freeriding" and a "tactical 'sneak peek'").

////

////

United States District Court
Northern District of California

Accordingly, for the reasons set forth herein, Yelp's request is **DENIED WITHOUT PREJUDICE** to being renewed after expert disclosures in this action.

**SO ORDERED.**

Dated: June 25, 2026

_____
SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California