Sathya S. Gosselin (SBN 269171)
Swathi Bojedla (*pro hac vice*)
Ian Engdahl (*pro hac vice*)
Jeremy Silas (*pro hac vice*)
**HAUSFELD LLP**
1200 17th Street, N.W., Suite 600
Washington, DC 20036
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
Email: sgosselin@hausfeld.com
Email: sbojedla@hausfeld.com
Email: iengdahl@hausfeld.com
Email: jsilas@hausfeld.com

*Attorneys for Plaintiff Yelp Inc.*

(*additional counsel listed on signature page*)

John E. Schmidtlein (SBN 163520)
Colette T. Connor (*pro hac vice)*
Gloria K. Maier (*pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
Email: cconnor@wc.com
Email: gmaier@wc.com

*Attorneys for Defendant Google LLC*

(*additional counsel listed on signature page*)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **YELP INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**GOOGLE LLC,**<br><br>Defendant. | Case No. 5:24-cv-06101-SVK<br><br>**STIPULATED [AND PROPOSED] ORDER REGARDING EXPERT DISCOVERY** |

The parties stipulate to the following regarding the scope of expert discovery in the above-captioned matter:

1. This Stipulation and Order Regarding Expert Discovery ("Stipulation") will govern discovery from experts (whether testifying or consulting) in the above-captioned matter. Subject to the limitations or modifications in this Stipulation, in any other stipulation entered by the parties, or in any order of the Court, the parties shall comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure. Neither the terms of the Stipulation nor the parties' agreement to them shall be considered an admission by any person or party that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

2. Within **three** business days after any party serves any expert report and/or expert declaration in this case, the party or parties proffering the expert witness shall produce all documents and/or information required by Rule 26(a)(2)(B), as modified or limited by this Stipulation. For the purposes of expert discovery in this matter, the term "considered" as used in Federal Rules of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as meaning "relied upon."

The materials to be disclosed are described in the following agreed terms:

(a) the parties will provide a list of all documents, data, or other information relied upon by the expert in forming any opinions in his or her report, including Bates numbers of documents previously produced;

(b) the parties will disclose a list of all publications authored by the expert in the previous 10 years;

(c) for all calculations performed by the expert (or his or her staff) that appear in the report, the parties will provide materials sufficient to recreate the calculations from the initial

("raw") data files,[1] and the parties will cooperate with each other to the extent that a receiving party requires additional information or materials to recreate the calculations from the initial ("raw") data files, including any programs, codes, or intermediate working data files[2];

(d) to the extent an expert relies on a cleaned or reformatted dataset for the expert's analysis, such cleaned or reformatted dataset shall be produced and, upon reasonable request from the opposing party, all intermediate datasets generated from that cleaned or reformatted dataset shall be produced within ten (10) days following the request, unless the parties agree to a different time frame;

(e) subject to the limitations of Paragraph 4 below, the parties also agree that upon reasonable request, copies of all publications authored by the expert in the previous 10 years that are not readily available publicly will be provided within 10 days of the request;

(f) the parties will produce copies of any documents, data, or other information (including website or third-party sources, subject to Paragraph 3 below) disclosed by an expert pursuant to Paragraph 2(a) above and which are not readily available publicly or were not previously produced in this litigation;

(g) the parties will provide a list of all other cases in which, during the previous six years, the witness testified as an expert at trial or by deposition; and

[1] The parties may satisfy this requirement by producing data sets, software, programs, codes, instructions, and/or any other materials sufficient to recreate the calculations from the initial ("raw") data files.

[2] All calculations or statistical analyses (including in any exhibit) upon which an expert relies for any of his or her opinion(s) in this matter shall be produced in machine-readable format (including formulas contained within spreadsheet cells and similar electronic information sufficient to understand or recreate any charts, tables, exhibits, information or data). Here, too, the parties will cooperate with each other to the extent that a receiving party requires additional information to understand or recreate any charts, tables, exhibits, information or data, including any linked data files or input and output files.

(h) the parties will provide a statement of the compensation to be paid for the study and testimony in the case.

Documents, data, or other information reviewed by a testifying expert, but not relied upon, need not be disclosed, except as provided under this Paragraph.

3. Information shall be produced electronically when appropriate, including but not limited to when production in non-electronic form would result in: any loss of data or other information considered or a significant reduction in accessibility. When documents have previously been produced as part of the discovery in this case, a list of such documents by Bates number shall be sufficient. As to documents relied upon by the expert that are widely and publicly available without undue expense (such as on the internet, or in major university libraries) and identified in the expert report with sufficient specificity, those documents need only be produced upon request, with the following exceptions: To the extent any numerical or transactional data from a source other than produced documents or data is relied upon by an expert witness, it must be produced, subject to appropriate confidentiality designations under the Protective Order.

4. The following types of information, documents, and materials shall not be the subject of discovery and need not be preserved or disclosed for purposes of complying with Federal Rule of Civil Procedure 26(a)(2), Rule 26(b)(4), or any other rule, including by subpoena, deposition, hearing, trial, or otherwise:

a. any form of oral or written communications or correspondence that is in anticipation of litigation or to prepare for trial among and between:

i. counsel, inclusive of In House Litigation Counsel, (or any agent or employees of counsel) and testifying expert witnesses or his or her staff;

ii. counsel, inclusive of In House Litigation Counsel, (or any agent or employees of counsel) and non-testifying expert witnesses/consultants[3] or his or her staff;

iii. testifying expert witnesses and their respective staffs;

iv. non-testifying expert witnesses/consultants and their respective staffs;

v. testifying expert witnesses and non-testifying expert witnesses/consultants or his or her staff;

vi. testifying expert witnesses; and

vii. non-testifying expert witnesses/consultants;

b. notes, drafts (of reports, affidavits, declarations, studies, work papers, exhibits, demonstratives, or other materials), worksheets, outlines, written communications, preliminary or intermediate calculations, modeling, computations, data formulations, data runs, data analyses, or other database-related operations, or other types of preliminary work (including any comments, mark-ups, or edits prepared in connection with drafts) created by, for, or at the direction of testifying expert witnesses or non-testifying expert witnesses/consultants;

5. The protections against discovery contained in the preceding paragraph shall **not** apply to any communications, correspondence, notes, documents, data, information, or materials upon which a testifying expert relies as a basis for any of his or her opinions or reports. Moreover, the scope of exemption from discovery in the preceding paragraph does not encompass (i) facts or data that the party's attorney provided and that the expert relied upon in forming the opinions to be expressed, including interview notes of persons if the expert relied on the interview in forming any opinions in

[3] Non-testifying expert witnesses/consultants, for purposes of this stipulation, are those retained or specially employed in anticipation of litigation or to prepare for trial and who will not be testifying at trial and have not provided the disclosures found in Rule 26(a)(2)(B) or (C). This includes any consultants retained by the parties or by the testifying experts, as well as any staff.

his or her final report(s); and (ii) assumptions that the party's attorney provided and that the expert relied upon in forming the opinions to be expressed.

6. Notwithstanding the requirement in Paragraph 2(g) to produce statements of compensation, no party or their experts or their consultants are obligated to preserve or produce budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates, or their companies or organizations. However, this Stipulation shall not be construed to preclude reasonable questions at a testifying expert's deposition, hearing, or trial regarding an expert's compensation; nor to preclude reasonable questions at a testifying expert's deposition, hearing, or trial regarding any compensation earned by or paid to any person or entity that has a professional affiliation and/or financial agreement with the testifying expert, including for work or analysis performed in connection with any matter related to the above-captioned case or with any claims related to those in the above-captioned case.

7. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert will (a) be responsible for producing all materials and information subject to discovery, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders. Experts may be examined at deposition, hearing, or trial on any matter subject to disclosure under the terms of this stipulation. Examination shall also be permitted on alternative analyses, methodologies, or approaches to issues on which the expert is testifying, regardless of whether the expert considered them in forming the expert's opinions.

8. Other than the items stipulated herein, nothing in this Stipulation shall be construed to expand, preclude or limit the discoverability of any documents or other information relied upon by an expert witness in preparing his or her report(s) or that is otherwise discoverable under the Federal Rules of Civil Procedure or any order of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: November 11, 2026

By: *_/s/ Sathya S. Gosselin_*
Sathya S. Gosselin (SBN 269171)
Swathi Bojedla (*pro hac vice*)
Ian Engdahl (*pro hac vice*)
Jeremy Silas (*pro hac vice*)
**HAUSFELD LLP**
1200 17th Street, N.W., Suite 600
Washington, DC 20036
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
Email: sgosselin@hausfeld.com
Email: sbojedla@hausfeld.com
Email: iengdahl@hausfeld.com
Email: jsilas@hausfeld.com

Yixi (Cecilia) Cheng (SBN 325216)
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, New York 10004
Telephone: (646) 357-1100
Facsimile: (212) 202-4322
Email: ccheng@hausfeld.com

*Attorneys for Plaintiff Yelp Inc.*

By: *_/s/ John E. Schmidtlein_*
John E. Schmidtlein (SBN 163520)
Colette T. Connor (*pro hac vice*)
Gloria K. Maier (*pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
Email: cconnor@wc.com
Email: gmaier@wc.com

Amit Gressel (SBN 307663)
**WILSON SONSINI GOODRICH & ROSATI P.C.**
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2087
Email: agressel@wsgr.com

Franklin M. Rubinstein (*pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI P.C.**
1700 K Street NW
Washington, DC 20006
Telephone: (202) 973-8800
Email: frubinstein@wsgr.com

*Attorneys for Defendant Google LLC*

**ATTESTATION**

I, Sathya S. Gosselin, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

*/s/ Sathya S. Gosselin*
Sathya S. Gosselin

**[~~PROPOSED~~] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: November 16, 2026

Hon. Susan van Keulen
United States Magistrate Judge